## ST. LOUIS & S. F. R. CO. v. COX.

No. 1531. Opinion Filed March 12, 1912.

(122 Pac. 130.)

**MASTER AND SERVANT**—Injury to Railroad Employee—Fellow Servant—Constitutional Law. In an action for damages for personal injuries by a section laborer against a railway company for injuries inflicted upon the plaintiff by the negligence of a co-employee subsequent to statehood, the common-law doctrine of the fellow servant, in so far as it affects the liability of the master for injuries to his servant, is abrogated by section 36, art. 9, of the Constitution, which provides: "And every such employee shall have the same right to recover for every injury suffered

by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty.''

(Syllabus by the Court.)

*Error from Tillman County Court;*
*T. E. Campbell, Judge.*

Action by W. M. Cox against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt, J. H. Grant,* and *Stevens & Myers,* for plaintiff in error.

*Sam W. Johnson, H. P. McGuire,* and *Lewis P. Mosier,* for defendant in error.

KANE, J. This was an action to recover damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The petition alleged, in substance, and the evidence showed, that plaintiff was working for the defendant in the capacity of section laborer under the direction of its foreman; that the foreman on the 13th day of August, 1908, directed the plaintiff and one Crocker, a co-employee, to carry an oak tie from one point to another; that the plaintiff walked in front, carrying one end of the tie, and Crocker walked behind, carrying the other end; that when they reached the place where the foreman had directed them to take said tie, and while his back was turned to the said Crocker, the said Crocker without warning this plaintiff carelessly, negligently, and with a wanton disregard for the safety of this plaintiff threw his end of said tie to the ground, thereby jerking the end held by plaintiff from his hands, causing it to fall, striking plaintiff on the right leg just above and back of the ankle, causing great laceration of said leg, and thereby damaged plaintiff in the sum of $1,000. Upon trial to a jury there was a verdict for the plaintiff, upon which a judgment was rendered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error contend that there is absolutely no averment of negligence on the part of the defendant; that the only negligence charged is that plaintiff's coemployee, without warning the plaintiff, carelessly, negligently, and with a wanton disregard for the safety of the plaintiff threw his end of the tie to the ground, thereby injuring him; that the defendant owed the plaintiff the duty of furnishing him a safe place to work, fit and proper tools and appliances to work with, and competent coemployees, and that defendant was not charged, nor was it proved, that any of those duties had been neglected. Prior to statehood, this contention would have been well taken. *E. Van Winkle Gin & Mach. Co. v. Brooks,* 29 Okla. 351, 116 Pac. 908. But section 36, art. 9, of the Constitution, was in force when this cause of action arose, and it casts additional duties upon railroad companies, street railway companies, interurban railway companies, and every person, firm, or corporation engaged in mining in this state, in their relations with their employees. That section provides, in part, that:

"The common-law doctrine of the fellow servant, so far as it affects the liability of the master for injuries to his servant, resulting from the acts or omissions of any other servant or servants of the common master, is abrogated as to every employee of every railroad company and every street railway company or interurban railway company, and of every person, firm, or corporation engaged in mining in this state; and every such employee shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty.   *   *   *"

The effect of the foregoing constitutional provision is to make the master liable for a servant's injury by the negligent acts or omissions of any other employee or employees of a common master, regardless of whether the master employed reasonable efforts and precautions to provide competent coemployees. The constitutional provision itself abrogating the common-law doctrine of the fellow servant is so plain that there is very little ground for misunderstanding its scope.

We think this case clearly falls within its purview, and the judgment of the court below must therefore be affirmed.

All the Justices concur.