# TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY *v.* SLAVIN.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 147. Submitted January 20, 1915.—Decided February 23, 1915.

Where the ruling of the trial court in an action for personal injuries against a railroad company, that the state statute abolishing assumption of risk and contributory negligence applied, was reversed by the intermediate appellate court on the ground that the Federal Employers' Liability Act, which does not abolish such defenses, applied, and the highest court of the State reversed this judgment

without opinion, a controlling Federal question was necessarily involved and this court has jurisdiction to review under § 237, Judicial Code.

When the evidence shows that although the case was brought under the state statute plaintiff was injured while engaged in interstate commerce, the objection that he cannot recover under the Federal Employers' Liability Act is not a technical rule of pleading, but a matter of substance, and where there are substantive differences between the state and Federal statutes in regard to defences of assumption of risk and contributory negligence, proceeding under the former is reversible error.

88 Oh. St. 536, reversed.

THE facts, which involve the validity of a judgment for personal injuries obtained in the state court under the state statute and the application and effect of the Federal Employers' Liability Act, are stated in the opinion.

*Mr. Clarence Brown* and *Mr. Charles A. Schmettau* for plaintiff in error.

*Mr. Walter G. Kirkbride* and *Mr. C. H. Masters* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

In the Court of Common Pleas of Lucas County, Ohio, Otto Slavin brought suit against the Railroad Company for injuries received by him on the night of August 19, 1910, while he was at work on a train in the Company's yard at Toledo. His declaration alleged that in the performance of his duty, and in pursuance of a custom known to the Defendant, he was riding on the side of a gondola car with his foot in the "stirrup" and his hands holding the grab-irons. He averred that while in that position and without fault on his part, he was struck by another car standing on the adjoining track which he did not and could not see in time to avoid the injury. He alleged that

the Company was guilty of negligence in laying and maintaining the yard tracks in close and dangerous proximity to each other; and that it was further negligent in failing to give him notice that the freight car was standing on the adjoining track. The defendant denied the charge of negligence. It contended that Slavin's duty did not require him to ride on the side of the car, but that, with a safe place in which to work, he voluntarily and unnecessarily rode, in a dangerous position, on the outside of a car passing through a railroad yard where he knew, or ought to have known, that trains and cars would be standing.

There was evidence that the plaintiff had been employed by the Company for about ten years—for much of that time being in charge of the switching engine which operated over every part of the yard—and that he was thoroughly familiar with the condition, situation and location of the tracks at the point where the injury occurred. Neither the plaintiff's complaint nor the defendant's answer contained any reference to the Employers' Liability Act. But, over plaintiff's objection, evidence was admitted which showed that the train on which the plaintiff was riding, at the time of the injury was engaged in interstate commerce. Thereupon the Railroad Company insisted that the case was governed by the provisions of the Employers' Liability Act and moved the court to direct a verdict in its favor. That motion having been overruled the defendant asked the court to give in charge to the jury several applicable extracts from that Federal statute.

All these requests were refused, the trial judge being of the opinion that the proximity of the tracks constituted a defect in "rail, track or machinery" within the meaning of the Ohio statute; and that, although the plaintiff had notice of such defect, he was not debarred of the right to recover, in view of §§ 9017 and 9018 of the Ohio Code,

changing the common law rule as to contributory negligence and assumption of risks. There was a verdict for the plaintiff. The defendant's motion for a new trial was overruled. On writ of error the Circuit Court of Lucas County held that inasmuch as the plaintiff was injured while engaged in interstate commerce the case was governed by the Federal statute which did not repeal the common law rule of assumption of risks under circumstances like those set out in the record and that the defendant's motion for a directed verdict should have been granted. This judgment was reversed and that of the Court of Common Pleas affirmed, without opinion, by the Supreme Court of Ohio.

The case having been brought here by writ of error, counsel for the plaintiff, Slavin, insists that the judgment of reversal, without opinion, should not be construed as meaning that the state court decided the Federal question adversely to the Company's claim; but rather as holding that the defendant's failure to plead the Employers' Liability Act made it improper to consider evidence that the plaintiff had been engaged in interstate commerce and, hence, that there was nothing properly in this record to support the contention that the defendant had been deprived of a Federal right.

But a controlling Federal question was necessarily involved. For, when the plaintiff brought suit on the state statute the defendant was entitled to disprove liability under the Ohio Act, by showing that the injury had been inflicted while Slavin was employed in interstate business. And, if without amendment, the case proceeded with the proof showing that the right of the plaintiff and the liability of the defendant had to be measured by the Federal statute, it was error not to apply and enforce the provisions of that law.

In this respect the case is much like *St. Louis &c. Ry.* v. *Seale*, 229 U. S. 156, 161, where the suit was brought

under the Texas statute, but the testimony showed that the plaintiff was injured while engaged in interstate commerce. The court said: "When the evidence was adduced it developed that the real case was not controlled by the state statute but by the Federal statute. In short, the case pleaded was not proved and the case proved was not pleaded. In that situation the defendant interposed the objection, grounded on the Federal statute, that the plaintiffs were not entitled to recover on the case proved. We think the objection was interposed in due time and that the state courts erred in overruling it." The principle of that decision and others like it is not based upon any technical rule of pleading but is matter of substance, where, as in the present case, the terms of the two statutes differ in essential particulars. Here the Ohio statute abolished the rule of the common law as to the assumption of risks in injuries occasioned by defects in tracks, while the Federal statute left that common law rule in force, except in those instances where the injury was due to the defendant's violation of Federal statutes, which,—like the Hours of Labor Law and the Safety Appliance Act,— were passed for the protection of interstate employés. *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 503.

In all other respects this case is exactly within the ruling in the case last cited, where the employé's knowledge of the existence of the defect and the terms of the state statute relied on were substantially the same as those in the present case. There the judgment of the state court— applying the state statute—was reversed because it appeared, as it does here, that the plaintiff had been injured while engaged in interstate commerce and, consequently, the case should have been tried and determined according to the Federal Employers' Liability Act.

*The judgment of the Supreme Court of Ohio is reversed and the case remanded for further proceedings not inconsistent with this opinion.*