## FT. SMITH & W. R. CO. v. HILL.

No. 4959.   Opinion Filed July 27, 1915.

(150 Pac. 1066.)

**APPEAL AND ERROR—Review—Sufficiency of Exceptions—Instructions.** An exception to the court's instructions to the jury in the trial of a cause as follows: "Excepts at the time to each and singular instructions No. 1 to No. 9, inclusive, given by the court in the above-entitled cause, and also excepts to said instructions as a whole"—is too general, and is not an exception as prescribed by section 5003, Rev. Laws 1910, and is not sufficient to bring any of the instructions before the Supreme Court for review.

(Syllabus by Galbraith, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Jesse A. Hill against the Ft. Smith & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. E. & H. P. Warner,* for plaintiff in error.

*J. Ross Bailey* and *Geo. C. Crump,* for defendant in error.

Opinion by GALBRAITH, C.   This was an action for personal injuries claimed to have been sustained by the defendant in error while in the employ of the plaintiff in error, and due to the carelessness and negligence of fellow employees. It was alleged in the petition that the defendant in error was employed as a member of the section gang, and by the direction of his foreman and in the performance of his duty he was unloading bridge timbers from a flat car near Dustin; that when the timbers were moved down a skid from the car to the ground the defendant in error and two fellow employees' would

carry them some distance from the track and pile them; that he was at one end of the timber holding it in his hands, and another employee was at the farther end, and another employee was near the middle, and when they were approaching the pile of timbers his fellow employees "negligently and carelessly and without warning threw down the end of said timber they were carrying, thereby causing said piece of timber to fall from his hands and onto his foot, thereby crushing, breaking, and mangling the big toe and middle toe of his foot, injuring and emasculating the muscles, ligaments and leaders of said left foot," to his damage in the sum of $1,988.50. The answer was a general denial and the affirmative defenses of contributory negligence and assumption of risk. There was a trial to the court and a jury, and a verdict returned for the plaintiff for $554. Judgment was rendered upon the verdict, from which an appeal has been perfected to this court.

The first assignment is that the court erred in instructing the jury as to the measure of damages. It is argued that instruction No. 5 of the court's instructions fails to set out the correct rules for measuring damages. It appears, however, that this instruction was not excepted to in the manner provided by statute (section 5003, Rev. Laws 1910) in order to bring it before this court for review. The only exceptions taken to this, or any of the instructions, as disclosed by the record, was as follows:

"Comes now the defendant above named, by Warner & Warner and H. H. Rogers, its attorneys, and excepts at the time to each and singular instructions No. 1 to No. 9, inclusive, given by the court in the above-entitled cause, and also excepts to said instructions as a whole,

for the reason that the same do not properly state the law as applicable to this case, and ask that their exceptions be made a part of the record."

This exception was too general and was not sufficient to bring instruction No. 5, or any one of the instructions, to this court for review. *Duncan Cotton Oil Co. v. Cox,* 41 Okla. 633, 139 Pac. 270; *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289.

The second and only other assignment urged in the brief is that the verdict was grossly excessive. The petition stated a cause of action for negligence under the rule announced in *St. L. & S. F. R. Co. v. Cox,* 31 Okla. 444, 122 Pac. 130. There was evidence to support the allegation of negligence set out in the petition. The amount of damages to reasonably compensate for the injury sustained was a question for the jury. In the absence of proper exceptions to the instructions as given the jury by the court, we are bound to presume that the law arising upon the issues was properly presented to the jury. The amount of the verdict does not impress us as being excessive, or at least so grossly excessive as would warrant this court in setting it aside on that account. The trial court approved the verdict in overruling the motion for a new trial, and no sufficient reason is shown why the same should be disturbed.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.