NICOLA CETOLA, PLAINTIFF-APPELLANT, v. LEHIGH VAL-
LEY RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Submitted July 10, 1916—Decided November 20, 1916.

An employe assumes the risk of such dangers attending the prosecu-
tion of his work as he knows, or could discover by the exercise
of ordinary care for his personal safety, and for hurt happening
to him from those dangers, the employer is not responsible. Dis-
tinction between contributory negligence and assumption of risk
pointed out.

On appeal from the Supreme Court.

For the plaintiff-appellant, *Charles M. Egan.*

For the defendant-respondent, *Collins & Corbin.*

The opinion of the court was delivered by

BLACK, J. This is an appeal from a judgment of nonsuit,
granted by Judge Speer, in the Hudson Circuit Court.

The action was brought under the Federal Employers' Lia-
bility act. On January 17th, 1916, the plaintiff-appellant was
in the employ of the defendant-respondent, cutting steel rails
and repairing its tracks, at Johnson avenue, Jersey City.

While the appellant was at work he was called by the fore-
man to come where the other men were working "to drop a
rail down and cut it." Four men were handling this rail at
that time when the plaintiff came to where these four men
were. Before he had an opportunity to touch the rail, or had
anything to do with it, the men dropped the rail and broke it,
where they had first cut it with a chisel. The purpose of drop-
ping it was to break it where it had been cut. The rail
weighed six hundred and forty-eight pounds, twenty-four
pounds to the foot, twenty-seven feet long. The plaintiff did
not reach there in time to assist the men in handling the rail.

The appellant testified that he had seen men handle the
same kind of rails—the same number of men handle them

that day—before he was injured. They handled them all right with the same number of men. He also testified that he had seen no less than seven men handle the rail of the size which fell on his foot and injured him—that it needed seven men. He also testified that he thought it was dangerous. There being no disputed questions of fact in the case, the test is, whether from the plaintiff's evidence, viewed in its most favorable aspect, negligence of the defendant may be reasonably inferred. *Metropolitan Railway Co.* v. *Jackson, L. R.,* 3 *App. Cas.* 193; *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605.

The ruling of the trial judge rested on the ground that the plaintiff assumed the risk, the presence of which he realized at the time, and acknowledged in his testimony at the trial. We think this ruling of the trial judge was not error.

The principle applied by the trial judge in this case is one of the fundamental principles in the law of negligence, applied and illustrated in many reported cases. It was recognized and applied by the United States Supreme Court, in the case of *Seaboard Air Line Railway Co.* v. *Horton,* 233 *U. S.* 492, 504, where the distinction between contributory negligence and assumption of risk is pointed out. Contributory negligence involves the notion of some fault or breach of duty on the part of the employe. On the other hand, the assumption of risk, even though the risk be obvious, may be free from any suggestion of fault or negligence on the part of the employe. The risk may be present, notwithstanding the exercise of all reasonable care on his part. See, also, *Toledo, &c., Railroad Co.* v. *Slavin,* 236 *U. S.* 454.

In our courts Mr. Justice Dixon states the rule with clearness thus: An employe assumes the risk of such dangers attending the prosecution of his work, as he would discover by the exercise of ordinary care for his personal safety, and that, for hurt happening to him from those dangers, the employer is not responsible. *Atha, &c., Co.* v. *Costello,* 63 *N. J. L.* 27. To the same effect, in this court, are the cases of *Dillenberger* v. *Weingartner,* 64 *Id.* 292; *Christensen* v. *Lambert,* 67 *Id.* 341. In those cases, the dangers were known to the employe,

or he had become acquainted with them during the employment. 4 *Thomp. Neg.* (2d ed.), § 4608 *et seq.*

Finding no error in the record, the judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—PARKER, J. 1.