ATLANTIC COAST LINE R. CO. v. WOODS.

(Circuit Court of Appeals, Fourth Circuit.   December 14, 1916.)

No. 1468.

1. REMOVAL OF CAUSES ☞89(2)—RIGHT OF REMOVAL—BURDEN OF DEFENDANT.
   A defendant, seeking removal of an action on the ground of diversity of citizenship, has the burden of establishing that fact.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 192–195, 197; Dec. Dig. ☞89(2).]

2. REMOVAL OF CAUSES ☞115—EFFECT OF DEFENSES.
   A servant's action against a railroad company was removed to the federal court on the ground of diversity of citizenship. The complaint stated no facts bringing the action within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), and nothing was pleaded in the answer setting up that at the time of the injury plaintiff was engaged in any work bringing him within the statute. *Held* that, notwithstanding the removal of the action on the ground of diversity of citizenship, evidence that plaintiff was engaged in interstate commerce when injured, and for that reason the action was governed by the federal Employers' Liability Act, was admissible, for such evidence would be admissible in the state courts, had not the action been removed.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 245, 247, 248, 251; Dec. Dig. ☞115.]

3. APPEAL AND ERROR ☞1056(1)—REVIEW—HARMLESS ERROR.
   In such case, where the state law applied allowed punitive damages, contrary to the federal Employers' Liability Act, and did not prescribe the same period of limitation for bringing the action, the exclusion of evidence tending to show that the action was governed by the federal act was prejudicial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187, 4191, 4207; Dec. Dig. ☞1056(1).]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Florence; Henry A. Middleton Smith, Judge.

Action by Robert A. Woods, by his guardian ad litem, against the Atlantic Coast Line Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

Lucian W. McLemore, of Sumter, S. C., and P. A. Willcox, of Florence, S. C. (Barron, McKay, Frierson & Moffatt, of Columbia, S. C., on the brief), for plaintiff in error.

William W. Hawes, of Columbia, S. C. (W. Boyd Evans, of Columbia, S. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. The plaintiff, Robert A. Woods, a boy 17 years old, was employed in the shops of the defendant company in the city of Florence, S. C. While operating a bolt cutter or threading machine in repairing a locomotive, the plaintiff was injured, and sued to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

recover damages in the state court. The injury was received in January, 1913, but the action was not commenced until November 24, 1915. The defendant removed the case to the District Court of the United States for the Eastern District of South Carolina by a petition showing diversity of citizenship. There was no allegation, either in the complaint or the answer, tending to show that the action fell under the federal employers' liability statute. On the trial in the District Court, near the close of the testimony, the defendant offered evidence to show that the plaintiff was engaged in interstate commerce, and that, therefore, its liability was to be determined under the federal statute. The ruling of the District Judge and his reasons therefor are thus stated in the bill of exceptions:

"The complainant had stated no facts stating a cause of action under the federal Employers' Liability Act, and nothing had been pleaded in the answer of the defendant setting up that at the time of the injury the plaintiff was engaged in any work which brought him within the terms of that statute; nor had anything been shown in any of the pleadings to place the plaintiff upon notice that any such defense would be introduced. Thereupon the court refused to permit the testimony, or allow it to be introduced, unless the plaintiff consented, and, the plaintiff not consenting, the testimony was excluded."

[1, 2] The plaintiff in his complaint stated a cause of action at common law. Such an action was removable to the federal court on the petition of the defendant showing diverse citizenship. The burden was on the defendant to show diversity of citizenship, but, since the plaintiff had set up a cause of action at common law, it was that cause of action, and that alone, that the defendant had to deal with. It was under no obligation to even consider what sort of defense it would set up until by petition to remove it had exercised its right of having the case brought to the federal court, and the cause of action set up by plaintiff was properly in the federal court for trial. Being properly in the federal court for trial, all evidence was admissible there that would have been admissible in the state court, had the cause not been removed. It follows that the decision in Toledo, etc., R. Co. v. Slavin, 236 U. S. 454, 35 Sup. Ct. 306, 59 L. Ed. 671, is conclusive that the defendant in the trial in the federal court had the right to introduce evidence tending to show that the plaintiff had no cause of action at common law by showing that the cause of action, if any, arose under the federal employers' liability statute. That was an action by an employé of the railroad company for damages for personal injury. Neither the complaint nor the answer contained any reference to the federal Employers' Liability Act. Over the objection of the plaintiff, evidence was admitted showing that the train on which the plaintiff was riding at the time of the injury was engaged in interstate commerce. But the jury were instructed that the cause was to be decided under the Ohio statute, which rendered unavailable the defenses of assumption of risk and contributory negligence where the injury occurred from a defect in "rail, track, or machinery." Thus the defenses of contributory negligence and assumption of risk, both of which are available under the federal statute, were excluded. The judgment in favor of the

plaintiff was affirmed by the Supreme Court of Ohio. On writ of error the Supreme Court of the United States, in reviewing the judgment, said:

"But a controlling federal question was necessarily involved; for, when the plaintiff brought suit on the state statute, the defendant was entitled to disprove liability under the Ohio act, by showing that the injury had been inflicted while Slavin was employed in interstate business, and if, without amendment, the case proceeded with the proof showing that the right of the plaintiff and the liability of the defendant had to be measured by the federal statute, it was error not to apply and enforce the provisions of that law."

St. Louis, etc., R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, lays down the same rule.

[3] It may be that the error of rejecting the evidence would have been harmless had the law of South Carolina been the same as the federal employers' liability statute. But it differs in at least two important particulars. The law of South Carolina allows the recovery of punitive damages, and it does not impose the condition, imposed by the federal statute, that the action must be brought within two years. Atlantic, etc., R. Co. v. Burnette, 239 U. S. 199, 36 Sup. Ct. 75, 60 L. Ed. 226.

The evidence offered should have been admitted, and for its exclusion the judgment must be reversed.

Reversed.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.