No. 481
### B. & O. RAILROAD CO. v. WARREN
Ohio Appeals, 6th District, Lucas County.
No. 1319. Decided May 28, 1923.

RAILROADS—(1) Right to proceed under Fed. Employers' Liability Act, where petition sets up state law—(2) Assumption of risk—(3) Under federal act contributory negligence only mitigates damages—(4) Excessive verdict, but not induced through passion or prejudice.

CHITTENDEN, J.:

Epitomized Opinion

This is an action for personal injuries brought against the B. & O. Railroad Co. The petition sets forth two causes of action; one count alleged interstate commerce and the other intra-state commerce. The plaintiff was a conductor of a switching crew and was engaged in hauling coal cars from a dump yard to a dock yard for the purpose of having the coal loaded into boats. While the engine was moving toward the dump yard it was stopped by the yard master, who directed Warren to take a brakeman a certain place in the yard. At the time the accident occurred the conductor was riding upon the tender of the engine, which was moving backward. When the engine reached a place known as the "low speed main" the engineer speeded up the engine in such a way as to cause the tender to be derailed. The road bed at this place was very defective. It was customary for engines to be operated very slowly on this portion of the track. At the trial it appeared that the conductor had complete control over the speed of the engine and that it was proper under the Company's rules for the conductor to place himself in a position on the running board that he could signal the engineer at any time. At the time the conductor was thrown off the train and injured he was standing in the middle of the running board, thus violating the Company's rules. The evidence was in conflict as to the speed at which the engine was traveling at the time the derailment took place. It also appeared that the conductor was familiar with the condition of the road bed at this point. The plaintiff suffered a very severe fracture of both bones of one leg near the ankle. The ankle was also dislocated. The trial resulted in a verdict for the plaintiff in the sum of $11,250 before Judge Lloyd of Toledo. The Railroad Company prosecuted error. The Court of Appeals held:

1. Whenever the evidence in a case shows that the plaintiff was injured while engaged in interstate commerce, the Federal Employers' Liability Act becomes effective, and governs the law of the case although the case was brought under the state statute. (Citing 236 U. S. 454.)

2. Although the plaintiff assumes the risk of obvious and known defects as where he is familiar

with the condition of the track or road bed, yet the doctrine of assumption of risk does not extend to a risk involved in the carelessness or negligent use of that track.

3. Under the Federal Employers' Liability Act, the contributory negligence of the plaintiff does not completely bar recovery but the jury must consider it to reduce the amount of damages sustained by plaintiff in proportion to negligence attributable to him.

4. As the verdict seems excessive, the amount is reduced to $7,500.

Dissenting opinion rendered by Judge Kinkade.

Attorneys—Tyler, Northup & McMahon, for B. & O. Railroad Co.; Clyde L. Deeds, for Warren.