## KANSAS, O. & G. RY. CO. v. HAWKINS.

No. 25981.   Dec. 1, 1936.

Rehearing Denied Jan. 9, 1937.

O. E. Swan and Utterback & Stinson, for plaintiff in error.

C. C. Hatchett and Ceph Shoemake, for defendant in error.

PHELPS, J.   The plaintiff was a section hand, employed by the defendant railway company. He and a co-employee, under the supervision of a foreman, were picking up heavy crossties on the west side of a railroad track and carrying them across the track and throwing them to the ground just east of the track. Their method of work was for the plaintiff to pick up the south end of a tie, and for the co-employee to pick up the north end, and then, with the co-employee slightly leading the way, carry it entirely across the track before throwing it. When they would reach the east side of the track, carrying the tie, a signal consisting of the words "swing" and "go" would be given, and the men would turn loose of the tie on the word "go." This was a prearranged signal, such as is commonly used.

The two men had carried about ten ties in this manner when, before they had reached the place for the signal, plaintiff's co-employee suddenly threw his end of the tie forward without giving any warning, and this jerked the other end of the tie out of plaintiff's hand, causing it to fall upon his right foot, which was upon the rail. He sustained permanent injuries, for which a jury awarded him damages, and the defendant appeals.

The first contention is that the evidence does not sustain the finding of negligence. We appreciate the difference between the statement of facts as contained in the brief of the defendant, and the evidence as it is actually shown by the record. The brief refers throughout to the co-employee's "dropping" his end of the crosstie, but the record justifies no such description. The uncontradicted testimony of the plaintiff and another eyewitness is to the effect that the co-employee "threw" his end of the tie. The difference between merely dropping, through inability to sustain the load, and a deliberate throwing, is quite considerable.

It is conceded that this case is governed by the Federal Employers' Liability Act. Under that law the fellow-servant doctrine is not applicable, and the negligence of a fellow servant is deemed the negligence of the employer. C. & O. R. Co. v. DeAtley, 241 U. S. 310, 60 L. Ed. 1016. Also, as to railroads, Okla. Const., art. 9, sec. 36. In so far as the principal phase of this case is concerned, the question then becomes: Was the co-employee negligent? The testimony of the plaintiff and of the other witness, who was a bystander, to the effect that the co-employee threw his end of the tie for-

ward, without giving any warning or signal thereof, and before they had reached the proper place for letting go of the tie, was, in our opinion, sufficient to sustain the finding that said co-employee was negligent. We do not know whether his premature throwing of his end of the crosstie was due to absent-mindedness or willfulness, and for present purposes it is immaterial. At any rate, the fact remains that he threw it. No excuse for it appears in the evidence. We cannot hold as a matter of law that the jury acted arbitrarily in deciding that no reasonably prudent workman in the position of the co-employee would have ignored the established method of work, and would have suddenly thrown forward his end of the tie without giving any warning to his fellow workman.

The defendant cites Fisher v. K. C., M. & O. Ry. Co., 169 Okla. 282, 36 P. (2d) 744. In that case three men were carrying a heavy plank, one on each end and the plaintiff in the middle. They had not yet reached the place to deposit the plank, so no signal was in order. The men on the ends weakened, or for some other reason began to let the plank slip, and the plaintiff then likewise got out of the way, and the plank fell on its edge and turned backward upon plaintiff's foot. Plaintiff's judgment was reversed by this court, because no negligence of any fellow servant had been shown by the evidence. About all that was shown was that the plank fell. Here we have a different situation. The uncontradicted evidence in this case is not that the tie merely fell, but that it was actively and overtly thrown by the co-employee, before reaching the proper place to throw it, and without giving any warning. The difference in the two cases is merely one of evidence; in the Fisher Case there was no evidence of negligence of a fellow workman, while in this case there is substantial evidence thereof.

The defendant next urges that the plaintiff assumed the risk of this injury, and that we should so hold as a matter of law. We do not agree.

Under the Federal Employers' Liability Act, the employee does not assume the risk of the negligence of his fellow servants, unless such negligence is known to him or is plainly observable. St. L.-S. F. Ry. Co. v. Stuart, 173 Okla. 221, 47 P. (2d) 177.

The general rule is that if negligence of the fellow workman is shown, the question of assumption of risk must go to the jury. C., R. I. & P. Ry. Co. v. King, 165 Okla.

169, 25 P. (2d) 304. See, also, Fisher Case, supra, 169 Okla. at page 286, 36 P. (2d) at page 748. In Oklahoma City-Ada-Atoka R. Co. v. Kirkbride, filed November 10, 1936, 179 Okla. ___, ___ P. (2d) ___, it was held as a matter of law that the plaintiff brakeman assumed the risk of stumbling over a protruding crosstie, but he knew of the presence of said protruding crosstie, and so admitted, which is a sufficient distinction between that case and this. Under proper instructions and under evidence sufficient to present the issue, the jury decided this question, and we do not feel justified in disturbing the verdict in this connection.

The remaining proposition concerns refusal of the trial court to adopt a certain instruction requested by the defendant. We have checked the elements of the proposed instruction against those of the actual instructions, and find that they were embodied therein.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.