## HORTON v. REID.

No. 28413.  Feb. 28, 1939.

Brett & Brett, for plaintiff in error.

Blanton, Curtis & Blanton, for defendant in error.

HURST, J.  This is an action by Sallie Horton, holder of a promissory note, against her immediate indorser, Luther A. Reid. Defendant's demurrer to plaintiff's evidence was sustained, and plaintiff brings this appeal.

The pertinent facts are these: Plaintiff was the holder of a promissory note dated March 20, 1934, due one year after date and payable at Dallas, Tex. The note was executed by the Vinsonite Company, payable to the order of Guy Tucker and indorsed by Tucker and defendant Reid. It does not contain usual waiver of demand, presentment for payment, protest and notice of protest and non-payment.  On March 12, 1935, eight days before the maturity date of the note, plaintiff wrote a letter to the maker at Dallas, Tex., in which she stated that the note would soon be due and that she was expecting payment on the due date.  Thereafter, on March 26, 1935, six days after the due date, she wrote again to the maker and demanded payment.  On March 27, 1935, the maker wrote plaintiff that it would not pay the note.  Upon receipt of this letter, plaintiff informed defendant Reid that she would look to him for payment.

The defense was that defendant was discharged from liability by the failure of plaintiff to make presentment for payment to the maker and timely notice of dishonor to the indorser.

Section 11369, O. S. 1931 (48 Okla. St. Ann. sec. 161), provides:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

Section 11370, O. S. 1931 (48 Okla. St. Ann. sec. 162), provides in part that "where the instrument is not payable on demand, presentment must be made on the day it falls due."

These sections are a codification of the Negotiable Instruments Law and it is now a closed question that in order to fix the liability of the indorser on a promissory note these provisions must be complied with, excused, or waived. The contract of the indorser is not that he will in all events pay the note, but his agreement is contingent and his liability is fixed only upon the nonpayment by the maker and the compliance by the holder with the formalities prescribed by statute. 3 R. C. L. 1177, sec. 394.

Plaintiff does not contend that the note was presented for payment on the due date, but contends that the requirement of presentment is for the protection of the maker, and not the indorser, and may

be excused or waived by the maker. It is argued that the maker waived presentment here by not demanding it and by stating that it had no funds with which to pay the note. She relies on section 11381, O. S. 1931 (48 Okla. St. Ann. sec. 173), which provides in part:

"Presentment for payment is dispensed with: * * * Third. By waiver of presentment express or implied."

We may assume, without deciding, that the maker waived presentment by its conduct, but the question is whether the maker of a promissory note may waive the indorser's right to have the instrument presented for payment to the person primarily liable. There is no contention that the maker was acting on behalf of the indorser, or that the maker's acts were known to, or ratified by, the indorser.

It is settled that the act or declaration which is to operate as a waiver of presentment, demand, protest, or notice must be the act or declaration of the person entitled to take advantage of these formalities, or in some manner attributable to him. 8 C. J. 525 and 696, secs. 737 and 978; Daniel on Negotiable Instruments, vol. 2 (7th Ed.) 1322, sec. 1276; Security Loan & Trust Co. v. Fields (1910, Va.) 67 S. E. 342; Robinson v. Lancaster Foundry Co. (1927, Md.) 136 Atl. 58.

In the instant case, it is apparent that the only person entitled to require presentment for payment is the indorser. Section 11369, supra, provides that presentment is not necessary to charge the person primarily liable (the maker), thus the maker has no right to require that the formality be complied with. It provides that presentment is necessary to charge the indorser. Consequently, the requirement of presentment, contrary to plaintiff's contention, is for the benefit of the indorser (3 R. C. L. 1184, sec. 405; 8 Am. Jur. sec. 645) and section 11381, supra, must be construed to mean a waiver by the indorser. There is no contention that the clause in section 11369, quoted above, with reference to ability and willingness to pay as constituting a tender, has any application to this case.

Therefore, by the failure of plaintiff to make presentment for payment to the maker on the due date, the defendant must be discharged in the absence of a showing that defendant or some one acting on his behalf waived such formality, no other excuse being relied on. Plaintiff introduced no evidence to show waiver by the defendant. It follows that the trial court did not err in sustaining defendant's demurrer to plaintiff's evidence.

■ Plaintiff further contends that the court erred in not permitting her to amend her petition to conform to the facts proven. The petition did not contain allegations of waiver. At the conclusion of plaintiff's evidence she sought to amend her pleading to conform to the proof of waiver. The court denied this motion. It rests within the sound discretion of the trial court to permit or refuse an amendment of the pleadings at or after the trial to conform to the proof, and, where no abuse of such discretion is shown, the action of the trial court in that regard will not be disturbed. Thompson v. Hashbarger (1922) 87 Okla. 267, 210 P. 922; Midland Oil Co. v. Ball (1925) 115 Okla. 229, 242 P. 161; Fisher v. Kansas City, M. & O. Ry. Co. (1934) 169 Okla. 282, 36 P.2d 744. No abuse of discretion has been shown here. To the contrary, had plaintiff's petition been amended to plead waiver of presentment by the maker alone, as sought to be established by the evidence, it would avail plaintiff nothing under the view we take of the case.

It is unnecessary to discuss the question of notice of dishonor.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, and DANNER, JJ., concur. CORN, J., absent.