MIDLAND VALLEY R. CO. v. ROBERSON.

No. 29268.   Dec. 17, 1940.

Rehearing Denied Feb. 11, 1941.

*109 P. 2d 1086.*

O. E. Swan, of Muskogee, for plaintiff in error.

Henry R. Duncan, of Tulsa, for defendant in error.

WELCH, V. C. J. Plaintiff filed suit against the railroad company and J.

M. Garner, the section foreman under whom plaintiff was working at the time of his injury. The case was tried upon plaintiff's amended petition, in which he alleged that he was required to use and assist in the operation of defendant's gasoline motorcar, which was old, worn, unsafe, and out of repair, this being known to the defendant. When returning from work plaintiff and other members of the section crew attempted to start this car, but were unable to do so because it was out of repair, which was known to defendant. The defendant's foreman directed the men to push the car in an attempt to start same, plaintiff being instructed to push from the left front side of the car, this being the side where he was riding; while pushing as directed plaintiff was in a cramped position, and while exercising care for his own safety something tripped plaintiff and he was thrown in front of the car, thereby sustaining the injuries complained of.

For the plaintiff the evidence showed the section crew pushed the motorcar to start it; that after riding a short distance the car stopped running, and defendant Garner instructed the men to get off and push, which they did; while engaged in pushing, plaintiff fell in front of the car and was injured. On cross-examination it was brought out that plaintiff was experienced in this kind of work and had been on the particular job for seven years.

Defendants' evidence was to the effect that plaintiff had been told not to push from the front of car; the particular car was in good repair and it was not necessary for plaintiff to push from the front of the car. One of the defendants' witnesses testified there had been trouble with this motorcar previous to the accident.

At the close of the testimony the defendants moved the court to direct a verdict in their favor. The trial court sustained the motion as to the defendant Garner, but overruled it as to this appealing defendant. Thereafter, there was verdict and judgment in favor of plaintiff against defendant Midland Valley Railroad Company.

From this verdict and judgment, defendant has appealed, assigning numerous specifications of error.

The first ground upon which defendant seeks reversal of the trial court's judgment is the contention the trial court erred in overruling the demurrer to the evidence, and in refusing to instruct the jury to return a verdict for the defendant.

The evidence of the plaintiff was that the plaintiff had been employed on the particular section where he was working when injured for seven years, and that often the car being used would stop running and the men would have to get off and push in order to start it; that this occurred also with this particular car.

This evidence is sufficient to demonstrate that plaintiff was well experienced in the work he was doing. The rule of the Federal Employers' Liability Act is applicable. Former decisions of this court are controlling. Oklahoma City-Ada-Atoka R. R. Co. v. Kirkbride, 179 Okla. 428, 65 P. 2d 1021; Kansas City Southern Ry. Co. v. Hoyle, 185 Okla. 211, 90 P. 2d 1042. We must hold that plaintiff assumed all ordinary risks of his employment which were known to him or by the exercise of ordinary care could have been known to a person of reasonable prudence and diligence in like circumstances. Upon such authority we must hold the trial court committed reversible error in refusing to grant defendant's motion for a directed verdict.

In view of this conclusion we deem it unnecessary to discuss other assignments of error. The judgment appealed from is reversed, and upon authority of the last above-cited case, with directions to vacate judgment for plaintiff and to render judgment for the defendant.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. CORN and HURST, JJ., dissent.