DAVIS v. MIDLAND VALLEY R. CO.

No. 31032. Nov. 14, 1944.

Rehearing Denied Dec. 12, 1944.

*153 P. 2d 823.*

R. E. Stephenson, of Sapulpa, for plaintiff in error.

James D. Gibson and F. T. McGraw, both of Muskogee, and Wm. S. Hamilton, of Pawhuska, for defendant in error.

PER CURIAM. This action was instituted by Alvis Davis, hereinafter referred to as plaintiff, against Midland Valley Railroad Company, hereinafter referred to as defendant, to recover for personal injuries alleged to have been caused by defendant's negligence.

Plaintiff in his petition alleged, in substance, that he was an employee of the defendant and engaged in loading a flat car with rails on July 9, 1937, when he sustained an injury to his right hand as the result of negligence of the defendant in failing to furnish him with sufficient help to perform the work which he was doing and in failing to give signals to guide the plaintiff and his fellow employees in the performance of their work. The answer of defendant was a general denial and plea of contributory negligence and assumption of risk. Trial was begun to a jury. The evidence adduced disclosed, in substance, that plaintiff entered the employ of the defendant as a section laborer on July 6, 1929, and had continued therein and was such an employee on July 9, 1937, when he, together with four other employees and his foreman, were engaged in loading a flat car with iron rails for transportation in interstate commerce. When one of the rails fell partially from the car, in order to replace the fallen end of the rail upon the car plaintiff with two others undertook to do this without waiting for any of the other employees to come to their assistance or without requesting any such assistance, and that when plaintiff and his two fellow em-

ployees had the rail back upon the car plaintiff's right hand was caught under it ·and injured. The evidence further showed that the rail in question was about 20 feet in length and was either 60 or 65 gauge, and that ordinarily four men were required to lift such a rail from the ground to a car. The evidence further showed that standard rails were from 28 to 33 feet in length, and in loading them upon cars it was the practice to use six men and to give signals so that the men would proceed in unison in raising and lowering the rails to their proper position. Upon the evidence, substantially as narrated, the trial court sustained the demurrer of the defendant thereto and entered judgment for the defendant.

Plaintiff appeals and as grounds for reversal urges, in substance, that evidence of the interstate character of business of defendant should not have been admitted, and that demurrer to evidence of plaintiff should not have been sustained since the defense of assumption of risk should have been left with the jury. In support of the latter contention plaintiff cites article 9, sec. 36, Constitution; Chicago, R. I. & P. R. Co. v. Cronin, 74 Okla. 38, 176 P. 919; St. Louis & S. F. R. Co. v. Cox, 31 Okla. 444, 122 P. 130.

The plaintiff stipulated that the defendant was engaged in interstate commerce and the evidence disclosed that plaintiff was engaged in the performance of duties incident thereto when he sustained his injury. This was sufficient to bring the action within the provisions of the Federal Employers' Liability Act (33 Stat. 65, 45 U.S.C.A. §§51-60) although the provisions of said act were not referred to in the pleadings of the parties. See Toledo, St. L. & W. R. Co. v. Slavin, 236 U.S. 454, 35 S. Ct. 306, 59 L. Ed. 671; Grand Trunk Western Railway Co. v. Lindsay, 233 U.S. 42, 58 L. Ed. 838; M., K. & T. R. Co. v. Wulf, 226 U.S. 570, 33 S. Ct. 135, 57 L. Ed. 355. It is well settled that where an action comes within the provisions of the Federal Employers' Liability Act, supra, it is governed thereby irrespective of constitutional or statutory provisions to the contrary. See Toledo, St. L. & W. R. Co. v. Slavin, supra; Fisher v. Kansas City, M. & O. R. Co., 169 Okla. 282, 36 P. 2d 744; Chicago, R. I. & P. R. Co. v. Jackson, 61 Okla. 146, 160 P. 736; St. Louis & S. F. R. Co. v. Snowden, 48 Okla. 115, 149 P. 1083. In such a case, where violations thereof are not involved, the defense of the assumption of risk is available to the defendant. See Seaboard Airline Co. v. Horton, 233 U. S. 492, 58 L. Ed. 1062, 34 S. Ct. 635; L.R.A. 1915C, 1; Ann. Cas. 1915B, 475, 8 N.C.C.A. 834; Jacobs v. Southern Ry. Co., 241 U.S. 229, 60 L. Ed. 970, 36 S. Ct. 588; Atchison, T. & S. F. R. Co. v. Swearingen, 239 U.S. 339, 60 L. Ed. 317, 36 S. Ct. 121, 10 N.C.C.A. 778; Great Northern Ry. Co. v. Leonidas, 305 U.S. 1, 83 L. Ed. 3, 59 S. Ct. 51.

Under Federal Employers' Liability Act, supra, when a railroad workman, well experienced in the work he is doing, sustains an injury which results from the ordinary risk of the employment, it is one which he assumed as a matter of law, and where this condition appears definitely from the evidence it is proper to sustain a demurrer thereto and to render judgment for the defendant. See Midland Valley R. Co. v. Roberson, 188 Okla. 432, 109 P. 2d 1086; Kansas City Southern R. Co. v. Hoyle, 185 Okla. 211, 90 P. 2d 1042; Fisher v. Kansas City, M. & O. R. Co., supra; St. Louis & S. F. R. Co. v. Snowden, supra.

Under the evidence shown in the record, plaintiff clearly assumed the risk of his employment, and under these circumstances the court proceeded properly in withdrawing the case from the jury and rendering judgment for the defendant.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., dissents.