# ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY *v.* SWEARINGEN.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 74. Argued November 11, 1915.—Decided December 13, 1915.

Under the Employers' Liability Act of 1908, a breach of the Hours of Service Act on the part of the carrier does not operate to deprive it of the defenses of contributory negligence and assumption of risk unless the breach contributed to the injury.

THE facts, which involve the construction and application of the Hours of Service Act, are stated in the opinion.

*Mr. Robert Dunlap,* with whom *Mr. Gardiner Lathrop, Mr. J. W. Terry* and *Mr. A. H. Culwell* were on the brief, for plaintiff in error:

Violation of the Hours of Service Act is not negligence *per se* destroying defenses of assumed risk and contributory negligence regardless of whether or not it was the proximate cause. *St. Louis &c. Ry.* v. *McWhirter,* 229 U. S. 265; *Nitro-Glycerine Case,* 15 Wall. on p. 537.

A party charging negligence as a ground of action must prove it. Such fact is not to be solved by indulging in surmise or conjecture, or resorting to imaginary possibilities. *Puget Sound Co.* v. *Hunt,* 223 Fed. Rep. 952, 955; 29 Cyc. 600; *Missouri &c. Ry.* v. *Foreman,* 174 Fed. Rep. 377.

To enable plaintiff to recover there must be proof that the cause which operated to produce the death had its origin in some specific and particular negligent act of the defendant, for the result of which it was legally liable. See *Midland R. R.* v. *Fulgham,* 181 Fed. Rep. 91, 95; *Felt* v. *Boston & M. R. R.,* 161 Massachusetts, 311; 37 N. E. Rep. 375; *Hannigan* v. *Lehigh R. R.,* 157 N. Y. 244.

The special charge requested by plaintiff in error as to the Hours of Service Act as foundation for recovery should have been given to the jury, as the charge of the court did not comprehend all of relieving clauses contained in the proviso of the act and on which evidence was offered. *Southern Pacific Co.* v. *Pool,* 160 U. S. 438; *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 369; *United States* v. *New York, O. & W. Ry.,* 216 Fed. Rep. 702; *C., St. L. & N. O.* v. *Pullman,* 139 U. S. 79, 86; *United States* v. *Great Northern Ry.,* 220 Fed. Rep. 630, 633; *M., K. & T. Ry.* v. *United States,* 231 U. S. 112; *United States* v. *Lehigh Valley R. R.,* 219 Fed. Rep. 532; *Pennell* v. *P. & R. Ry.,* 231 U. S. 675.

It was not the intent of Congress to make railway companies insurers nor to exact from them practical impossibilities. *Northern Pac. Ry.* v. *United States,* 213 Fed. Rep. 163; *United States* v. *Mo. Pac. Ry.;* 213 Fed. Rep. 170.

The court erred in directing the jury that plaintiff might recover in any one of five contingencies mentioned ignoring the question whether in any such case the alleged negligence was the proximate cause of the accident or injury, and moreover the evidence was insufficient to justify the submission of certain alleged grounds of recovery to the jury. *Chambers* v. *Everding,* 71 Oregon, 521; 143 Pac. Rep. 616; *Tex. & Pac. Ry.* v. *Bigham,* 90 Texas, 223; *M. & St. P. Ry.* v. *Kellogg,* 94 U. S. 469; *Wolosek* v. *Chicago & M. Electric Ry.,* 158 Wisconsin, 475; *Kreigh* v. *Westinghouse Co.,* 152 Fed. Rep. 120; *Cole* v. *German Savings Society,* 124 Fed. Rep. 113; *Stefanowski* v. *Chain Belt Co.,* 129 Wisconsin, 484; *Missouri Pacific Ry.* v. *Columbia,* 65 Kansas, 390; 69 Pac. Rep. 338; *Cleghorn* v. *Thompson,* 62 Kansas, 727; 1 Sutherland on Damages, 3d ed., § 16; 1 Shear. & Red. on Negligence, 4th ed., § 28; *Fleming* v. *Beck,* 48 Pa. St. 309, 313; *Hoag* v. *L. S. & M. S. Railway,* 85 Pa. St. 293; *Morrison* v. *Davis,* 20 Pa. St. 171, 175; *Railroad Co.* v. *Reeves,* 10 Wall, 176; see also *C., St. P. M. & O. Ry.* v. *Elliott,* 55 Fed. Rep. 949, 952; *Scheffer* v. *Railroad Co.,* 105 U. S. 249; *Glassey* v. *Worcester Con. St. Ry.,* 185 Massachusetts, 315; *Stone* v. *B. & A. R. R.,* 171 Massachusetts, 536.

The evidence was conclusive that plaintiff assumed the risk of the position of the engine and position and size of the sill step. *Seaboard Air Line* v. *Horton,* 233 U. S. 504; *Kohn* v. *McNulta,* 147 U. S. 238; *So. Pac. Co.* v. *Seley,* 152 U. S. 145.

The evidence was wholly insufficient to submit certain grounds of alleged negligence to the jury and as to burden of proof. *Griffin* v. *Springfield Street Ry.,* 219 Massachusetts, 55; Beach on Cont. Neg., 3d ed., §§ 427, 428.

*Mr. Perry J. Lewis, Mr. C. P. Johnson* and *Mr. S. Elgelking,* for defendant in error submitted:

The sixteen-hour law was enacted for the safety of employés; if its violation contributes to the injury, the railroad is liable, and the defenses of contributory negligence and assumed risk are not available. The general law and the Employers' Liability Act forbid all argument on this proposition. The *McWhirter Case,* 229 U. S. 265, fails to support the contention of plaintiff in error; but does support the decision of the court below.

Plaintiff had been on duty nearly eighteen hours when he was injured; the testimony shows he was more dead than alive: he was sleepy and tired after being on duty from 7.00 P. M. to 1.25 P. M. the next day; in fact, he was thrown from the pilot because he was not in a physical condition to stay on.

The trial court did not make liability depend merely on the working overtime. Throughout the charge negligence causing or contributing to the injury is made the basis of recovery. *Grand Trunk Ry.* v. *Ives,* 144 U. S. 408.

No stronger case of proximate cause arising from the evidence could be presented than in this case. *Del., L. & W. Ry.* v. *Converse,* 139 U. S. 469, 472.

In support of contention of defendant in error as to proximate cause and assumption of risk, see also *Hartford Life Ins. Co.* v. *Unsell,* 144 U. S. 439, 447; *Erie R. R.* v. *Winter,* 143 U. S. 60, 70; *Robinson* v. *Belt,* 187 U. S. 41; *I. & St. L. R. R.* v. *Horst,* 93 U. S. 291, 298; *Washington & G. R. R.* v. *Harmon,* 147 U. S. 571, 580.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit for personal injuries suffered by the plaintiff (defendant in error,) while acting as fireman upon and in charge of a defective engine that had been picked up by a train. He had been kept on duty for more than

sixteen hours, and, as we take it for present purposes, contrary to the act of March 4, 1907, c. 2939, § 2, 34 Stat. 1415, 1416, without the justifications or excuses allowed in § 3. While about to do some oiling according to directions, he fell from the running board of the pilot and his leg was cut off. There was evidence of negligence on the part of the Railroad but the defendant set up that the plaintiff was guilty of contributory negligence and assumed the risk. The only matter that we have to consider here is an instruction given to the jury touching the effect of keeping the plaintiff on duty overtime upon these matters alleged by the defence.

The delay that led to keeping the plaintiff on duty too long was caused by the breaking of a valve yoke, and a part of the charge was as follows: "If, however, you believe that said breaking of the valve yoke was no such casualty or unknown and unforeseeable cause as is provided by law, that is to say, if you find that the breaking of the valve yoke could have been guarded against or foreseen by the exercise of ordinary care, then you are instructed that the law authorizes you to infer negligence on the part of the defendant at the time of plaintiff's injury, in requiring him to be on duty more than sixteen hours. And if in the breaking of the valve yoke you find no casualty or such unknown and unforeseeable cause as aforesaid, then and in that event you will entirely disregard defendant's pleas of contributory negligence and assumed risk, as then the plaintiff can in no way be held to have been guilty of contributory negligence in going upon the pilot while the engine was moving, nor can he in any way be held to have assumed any of the risks ordinarily incident to his work or even open and apparent to him at the time he was hurt."

The last half of this instruction was excepted to in the presence of the jury, but the charge was not modified. It was the one instruction specifically directed to the mat-

ter of overtime. The natural understanding of it by people untrained in the law, if not by everybody, would be that the unjustified retention of the plaintiff at his work for more than sixteen hours would make the defendant liable whether the retention contributed to the injury or not. The statute that excludes the defences of contributory negligence and assumption of risk in such a case is not the Hours of Labor Act itself but the subsequent Employers' Liability Act of April 22, 1908, c. 149, §§ 3, 4; 35 Stat. 65, 66. The latter has that operation only when the breach of the law contributes to the injury. *St. Louis & Iron Mountain Ry.* v. *McWhirter*, 229 U. S. 265, 279, 280. We do not think it possible to read the absolute language of the instruction as implicitly limited to such a case.

*Judgment reversed.*

MR. JUSTICE DAY and MR. JUSTICE PITNEY dissent.