JULIO ROSSI, *p.a. vs.* VALENTINO RONCI.
DECEMBER 6, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action on the case, brought by the plaintiff, a minor, by his father as next friend, to recover damages for injuries which were received by the plaintiff

on April 28, 1934, when he was only fifteen years old and was employed by the defendant in the latter's bakery, by having his left hand and forearm caught in a moving dough-rolling machine, and which necessitated the amputation of the injured arm.

The case was tried before a jury in the superior court on a second amended declaration of four counts; and the trial resulted in a verdict for the plaintiff for $7500. A motion by the defendant for a new trial was denied by the trial justice, and the case was then brought to this court by the defendant on a bill of exceptions, in which are set forth twenty-three exceptions. Of these, eleven were not relied upon before us and must be taken to have been abandoned. These are exceptions 3, 4, 7, 9, 10, 17, 18, 19, 20, 21 and 23, which is to the denial of the defendant's motion for a new trial. Some of the others have not been very strongly insisted upon before us.

Exception 10, which is one of those abandoned, was to that part of the charge of the trial justice to the jury wherein he told them that at least six men were employed in the defendant's business and that the plaintiff was one of them. We must then, in deciding issues presented and insisted upon before us by the defendant, assume that that part of the charge was correct. It is admitted that the defendant had not taken the necessary steps to bring himself and his employees within the general terms of the workmen's compensation act. Therefore, he was subject to actions at common law for injuries suffered by them in the course of their employment and was deprived of the benefit of the defenses based on contributory negligence, the fellow-servant rule, and the assumption of risk doctrine.

Of the four counts of the declaration on which the case was tried, the first is based on the alleged breach by the defendant of a statute forbidding the employment of any minor under the age of sixteen years in any business dangerous to the life or limb of such minor, the alleged breach

consisting of employing the plaintiff as an operator of and cleaning a dough-rolling machine. It was alleged that while the plaintiff was working on and cleaning this machine, his left hand and forehand were caught in it while it was in motion, and severely injured, necessitating amputation.

The second of these counts is based on the alleged breach by the defendant of a certain statute, (sec. 35 of G. L. 1923, chap. 85, as added by P. L. 1928, chap. 1231, sec. 1), limiting to forty-eight the number of hours for which any child under the age of sixteen years could be employed or permitted to work in any factory, manufacturing, mechanical, business or mercantile establishment in this state in any week, the alleged breach consisting of employing and permitting the plaintiff to work in the bakery, as an operator of a dough-rolling machine and in cleaning it, for a number of hours each week exceeding the limit. It was alleged that while he was so working and in consequence of his being thus overworked, he was injured as above described.

The third of these counts is based on the alleged breach by the defendant of his duty to give proper instructions to the plaintiff as to the operation of the machine before the plaintiff worked on it, the alleged breach by the defendant consisting of negligently directing and advising the plaintiff to wrap around his left hand certain bandages and wrappings, which interfered with the free use of the plaintiff's left hand in controlling and cleaning the machine, in consequence of which wrappings, his left hand and arm, while he was working on the machine and it was in motion, were caught and injured in the manner above stated.

The fourth of the counts is almost the same as the third, except that emphasis is laid on the alleged failure to explain to the plaintiff the danger of operating and cleaning the machine.

One of the exceptions principally relied upon by the defendant before us is the sixth, which was taken by him to the ruling of the trial justice denying the defendant's motion, made at the conclusion of the evidence, that the sec-

ond of the above counts, which, as above stated, was based on an alleged breach by the defendant of a statute limiting the hours of labor for a child under sixteen years of age, be withdrawn from the consideration of the jury. The ground for the motion was that it did not appear from the evidence that the accident to the plaintiff occurred by reason of a violation of that statute.

The testimony for the respective parties was in irreconcilable conflict on the question whether the plaintiff, at the time of the accident, was being employed by the defendant for more hours per week than the statute permitted for a minor of his age. But there was such evidence for the jury, in favor of the plaintiff on this question, that we must assume, for the purposes of passing on this exception, that he was then being so employed.

We are inclined to the opinion that the fact that an employee, when injured in the course of his employment, is being employed in violation of a statute limiting the number of hours per week for which he can legally be employed, is at least an element to be considered by a jury in determining whether the employer is liable to the employee for the latter's injuries. But, in our opinion, an employer cannot legally be held liable to an employee by reason of the violation, by the employer, of such a statute, unless it is further proved that such violation was a proximate cause of the employee's injuries. *St. Louis &c. R. Co.* v. *McWhirter*, 229 U. S. 265, 57 L. Ed. 1179, 33 S. Ct. 858; *Atchison, Topeka &c. R. Co.* v. *Swearingen*, 239 U. S. 339, 60 L. Ed. 317, 36 S. Ct. 121; *Bjornsen* v. *Northern Pacific R. Co.*, 84 Wash. 220, 146 Pac. 575. See also note in 38 Ann. Cas. 1915D 449 to report of *Osborne's Admr.* v. *Cincinnati, New Orleans &c. R. Co.*, 158 Ky. 176, 164 S. W. 818.

In the first of these cases the action was for the death of an employee of the defendant corporation by an accident which occurred from the hazards of his employment and when he was working beyond the limit of sixteen consecutive hours fixed by the federal statute. The court of ap-

peals of Kentucky, in 145 Ky. 427, in sustaining a verdict for the administrator of his estate, ruled that the effect of the statute was to create an unconditional liability for all accidents occurring beyond the statutory period, irrespective of proof showing a connection between the accident and working overtime. The Supreme Court of the United States reversed the decision because there was no proof of a causal connection between the permitting of the working beyond the statutory time and the happening of the accident.

At page 280 of 229 U. S., the court says: "In giving to the statute the construction above stated we think error was committed. The Hours of Service Act was approved March 4, 1907, and is entitled 'An Act to promote the safety of employes and travelers upon railroads by limiting the hours of service of employes thereon.' Chapter 2939, 34 Stat. 1415. We are unable to discover in the text of the statute any support for the conclusion that it was the purpose of Congress in adopting it to subject carriers to the extreme liability of insurers which the view taken of the act by the court below imposes. We say this because although the act carefully provides punishment for a violation of its provisions, nowhere does it intimate that there was a purpose to subject the carrier who allowed its employes to work beyond the statutory time to liability for all accidents happening during such period without reference to whether the accident was attributable to the act of working over time. And we think that where no such liability is expressed in the statute it cannot be supplied by implication. It requires no reasoning to demonstrate that the general rule is that where negligence is charged, to justify a recovering it must be shown that the alleged negligence was the proximate cause of the damage. The character of evidence necessary to prove such causation we need not point out, as it must depend upon the circumstances of each case. Conceding that a case could be presented where the mere proof of permitting work beyond the statutory time and the facts and circumstances con-

nected with an accident might be of such a character as to justify not only the conclusion of negligence, but also the inference of proximate cause, such concession can be of no avail here, since the instruction of the trial court and ruling affirming that instruction were based upon the theory that the mere act of negligence in permitting an employe to work beyond the statutory period created liability irrespective of the connection between the alleged negligence and the injury complained of."

*Bjornsen* v. *Northern Pacific R. Co., supra,* was an action to recover for the death of an employee by falling through a trap-door in a coal car, while over a coal bunker for the purpose of unloading. A verdict was directed for the defendant in the trial court and was sustained in the supreme court. At page 226 (577) the court says: "Again, we think it may be questioned whether the matter as pleaded was sufficient in itself to permit a recovery even if proven. If we concede that sufficient is pleaded in the complaint and admitted by the answer to show that the deceased was, at the time of his death, employed by the carrier in interstate commerce, we think something more must be proven than the mere violation of the Hours of Service Act to create a liability for an accident. It must be proven that the violation of the act was the proximate cause of the accident. This proof cannot be supplied by implication. It must be alleged and proven that the accident was directly attributable to the act of working overtime."

In the note cited *supra,* the author says: "A violation of the hours of service act does not create an unconditional liability for all accidents happening during the period beyond the statutory time irrespective of proof showing a connection between the accident and the asserted negligence in requiring work overtime, where an action for injury is predicated on a violation of the act; as there is no intimation in the statute that there is a purpose to subject the carrier who allows its employees to work beyond the statutory time to liability for all accidents happening during such period

without reference to whether the accident is attributable to the act of working overtime."

That a proximate causal connection, between excessive working hours of the plaintiff in the instant case and his injuries, is necessary for recovery by him on account of such working hours is recognized by his counsel in the count now under consideration, in the statement that "due to over-working of said plaintiff as aforesaid, the plaintiff was seriously injured."

In the instant case, assuming that the plaintiff was being caused by the defendant to work an excessive number of hours per week, in violation of the statute, the question then is whether there was evidence from which the jury, after drawing therefrom all reasonable inferences favorable to the plaintiff but without resorting to conjecture, could reasonably find that the excessive weekly working hours of the plaintiff were a proximate cause of his injuries. The farthest that the plaintiff went in the attempt to show such a causal connection was that, when asked by his attorney whether the number of hours he worked made him tired, (a question which was ruled out as leading by the trial justice, on the objection of the defendant's attorney immediately after it was answered), he answered that they did; and that when later asked what was his condition on the day he was hurt, he answered that he was very tired. He did not, however, testify that his being very tired on that day was the result of the number of hours he had worked during that week. For all that appeared, it may have been caused by his staying up very late the night before or by some other cause not connected with his hours of labor.

There was no direct evidence that fatigue had anything to do with his hand and arm being drawn into the machine so that they were crushed by a roller. His own explanation of how this happened was that when he started to clean the machine, while it was in motion, he put a flour bag on his arm, as he said he had seen another employee do, and then added, "and a little piece must have been dangling at the

end, or I suppose I could not get my arm in there." Just a few moments later, he stated further: "Well, the flour bag was caught and it took my arm in." This testimony did not directly show that the accident was caused by fatigue; nor was there any other evidence at the trial that directly showed this. The question then arises whether there was testimony to facts from which the jury could reasonably have inferred, without resorting to conjecture, that his fatigue, which the plaintiff testified to as existing on the day of the accident, was caused by his excessive weekly working hours, and that such fatigue was a proximate cause of the accident.

This question seems to us close and difficult enough to make it advisable for us, before answering it, to consider another question, raised by exceptions now before us, whether it was made reasonably clear to the jury, by the charge of the trial justice, that in order to find a verdict for the plaintiff on the second of the counts which were left to them, they must find that at the time of his injury he was suffering from fatigue caused by his having been employed more than forty-eight hours during the week and that such fatigue was a proximate cause of his injury.

The latter question was raised by the defendant's twelfth and thirteenth exceptions. The twelfth relates to the same alleged violation of the statute as to weekly working hours and was taken to a part of the following language of the charge by the trial justice to the jury, viz., the part following the dash in the quotation. "But if you find that he was placed to work by the defendant around a dangerous piece of machinery, and that he was not given sufficient instructions on the cleaning of the machinery, or that the instructions he received were not proper instructions which would safeguard his life and limb, then under those circumstances —and further, if you find that he worked and was worked a longer period of time than the law permits, then under those circumstances the plaintiff has made out a case, and your verdict should be for the plaintiff."

The meaning of the entire language quoted is not quite clear, but the jury very likely, and reasonably, understood, from the part excepted to, that if they found that the plaintiff worked and was worked a longer period of time than the law permitted, their verdict should be for the plaintiff. If so understood, the instruction given was seriously misleading, because it left out an essential element for the finding of a verdict for the plaintiff on the basis of excessive weekly working hours, namely, that the excessive working hours were a proximate cause of the plaintiff's injuries.

The defendant's thirteenth exception was to the following language of the charge, that "if you find that an injury was sustained by the plaintiff, Julio Rossi, while he was actively engaged in the performance of the duties of an unlawful employment, or that he sustained injuries as a result of the defendant's permitting him to engage in work prohibited by law for a boy of his age, viz.: a job dangerous to his life or limb, then said unlawful employment was the proximate cause of the injuries sustained by the plaintiff and your verdict should be for the plaintiff."

An employment of a child under sixteen years of age for more than forty-eight hours in any week, in violation of the statute, is an unlawful employment, as the jury had previously been told in the charge. Therefore, they would naturally understand from the first and last parts of the language just quoted that if they found that the plaintiff had sustained an injury while he was actively engaged in the duties of an employment which was unlawful by reason of such violation, such unlawful employment was the proximate cause of the injuries and their verdict should be for the plaintiff. So understood, the language was seriously erroneous and misleading.

The plaintiff's counsel, however, contend that these twelfth and thirteenth exceptions should not be sustained, because in other parts of the charge, the jury were correctly instructed as to the matter of proximate cause; and in support of this contention they rely particularly on language

in a part of the charge which was given at the request of the defendant. But this requested part of the charge was not given to the jury in such a way as to show that it superseded previous parts of the charge that were inconsistent with it, and we cannot tell which of the two inconsistent sets of instructions the jury followed.

We therefore must find that the parts of the charge which were covered by the defendant's twelfth and thirteenth exceptions were erroneous and misleading. They were also prejudicial to the defendant, unless it is clear that on the evidence in the case the jury were legally required to find a verdict for the plaintiff on one of the other counts of the declaration, not based on the hours of labor, so that a direction of a verdict for him would have been proper. But in each of them the evidence on some of the issues that had to be decided in favor of the plaintiff, in order to make a verdict in his favor reasonable, was conflicting, so that a direction of a verdict for him would not have been sustainable. Therefore, we cannot find that the jury would certainly have found or been legally bound to find a verdict for the plaintiff on one of the other counts in the declaration; and we must find that the parts of the charge that were excepted to, as above stated, were prejudicial to the defendant as well as erroneous. Our decision on these two exceptions renders unnecessary any decision on the sixth exception, discussed *supra*.

The defendant's twelfth and thirteenth exceptions are sustained, and the case is remitted to the superior court for a new trial.

*Peter L. Cannon, O'Shaunessy & Cannon,* for plaintiff.
*Henry M. Boss,* for defendant.