ENOCH SHERMAN ET AL. v. TEXAS & NEW ORLEANS RAILROAD
COMPANY.

No. 1516.   Decided March 15, 1906.

**1.—Fellow Servant—Machinist and Helper.**

A machinist's helper is not a fellow servant of the machinist he assists
and whose orders he is bound to obey.   (P. 574.)

**2.—Master and Servant—Injury in Lifting.**

Evidence considered and held not such as to preclude recovery as matter of
law, where the servant injured by mere overexertion in lifting a heavy iron onto
a lathe was an inexperienced youth of seventeen, employed in shops as a machin-
ist's helper, and performed the work by direction of the machinist whom he was
under obligation to obey.   (Pp. 573, 574.)

**3.—Same—Obeying Orders.**

The law does not require the servant, in doubtful matters, at his peril to
disobey the orders of his superior or assume the risk of obeying.   (Pp. 574, 575.)

Error to the Court of Civil Appeals for the First District, in an
appeal from Harris County.

Sherman sued the railroad company for himself and minor son, to
recover damages for personal injuries to the latter.   He recovered judg-
ment which, on defendant's appeal, was reversed and rendered in its
favor.   Appellee thereupon obtained writ of error.

*Hutchison, Campbell & Hutchison* and *Cleveland & Sewell,* for
plaintiff in error.—The Court of Civil Appeals has committed the error
of substituting its own judgment on the facts for the judgment of the
jury, and has by so doing gone directly counter to the decision of this
court in the case of Texas & P. R. R. v. Brick, 83 Texas, 599.

·The Court of Civil Appeals erred in holding that the operator of
the lathe was a fellow servant of the minor.

The jury found that appellant violated duties which it owed plaintiff,
a minor employe, and was guilty of negligence in that it set him to per-
form an act wholly without the scope of his employment, and novel and
hazardous to him, and not only failed to give him directions as to the
manner in which he could safely do same, but, on the contrary, specific-
ally and peremptorily commanded him to perform the service in a
dangerous manner, although the minority of plaintiff, and the dangerous
character of the work, were known to the defendant company, or by the
exercise of reasonable care could have been known.   Galveston, H. & S.
A. Ry. Co. v. Sherwood, 67 S. W. Rep., 776; Texarkana, N. & F. S. Ry.
Co. v. Preacher, 59 S. W. Rep., 593; Dallemand v. Saalfeldt, 48 Law
Rep. Ann., 753; Colorado Mid. Ry. Co. v. O'Brien, 16 Colo., 219;
Illinois Steel Co. v. Schymanowski, 162 Ill., 459; Hawkins v. Johnson,
4 N. E. Rep., 172; Keegan v. Kavanaugh, 62 Mo., 232; Haley v. Case, 7
N. E., 877; Strong v. Iowa Co., 62 N. W., 799; Cook v. St Paul Ry. Co.,
24 N. W., 311; Norfolk & W. Ry. Co. v. Ward, 24 Law Rep. Ann., 714;
Union Pacific Ry. Co. v. Fort, 17 Wall., 553; Gilmore v. Northern

Pacific Ry. Co., 18 Fed. Rep., 866; Orman v. Mannix, 17 Law Rep. Ann., 603.

[In support of a motion for rehearing which was overruled.]

*Baker, Botts, Parker & Garwood, Andrews, Ball & Streetman,* and *C. L. Carter,* for defendant in error.—Under the undisputed proof the defendant violated no duty which it owed to plaintiff, and there is therefore no proof of negligence. The jury should have been affirmatively directed to find for the defendant. Houston & T. C. v. Scott, 62 S. W. Rep., 1077; Houston & T. C. v. Martin, 21 Texas Civ. App., 208-9; Houston & G. N. Ry. v. Miller, 51 Texas, 270; Texas & P. v. Carlton, 60 Texas, 401; Sims v. East & W. R. R. Co., 84 Ga., 152; Buckley v. Gutta Percha & R. M. Co., 113 N. Y., 544; Youll v. Sioux City, etc., Ry. 23 N. W. Rep., 737; Goff v. Norfolk & W. Ry. Co., 36 Fed. Rep., 299; Brazil Co. v. Cain, 98 Ind., 287; Missouri Pac. Ry. Co. v. Watts, 63 Texas, 552; Missouri Pac. Ry. Co. v. Callbreath, 66 Texas, 528; Missouri Pac. Ry. Co. v. White, 76 Texas, 104; San Antonio Gas Co. v. Robertson, 93 Texas, 507; 1 Sherman & Redfield, Neg., sec. 218; 2 Thompson on Negligence, 977-8; 44 Law Rep. Ann., p. 34; St. Louis & S. W. Railway v. Shiflet, 94 Texas, 136; St. Louis & S. W. Railway v. Shiflet, 98 Texas, 329; Cockrell v. Texas & N. O. R. R. Co., 11 Texas Ct. Rep., 45; Wilcox v. Railway, 33 S. W. Rep., 379; Haywood v. Galveston, H. & S. A. Railway Co., 12 Texas Ct. Rep., 296-7; Hightower v. Gray, 11 Texas Ct. Rep., 392-3.

[In reply to motion for rehearing.] The Supreme Court has no jurisdiction of an issue of fact. To affirm the judgment of the trial court in this case would be to assume jurisdiction upon a matter which, under the law, is vested exclusively in the Court of Civil Appeals. Rev. Stat., art. 940-941, 996; Choate v. San Antonio & A. P. Ry., 44 S. W. Rep., 69.

BROWN, ASSOCIATE JUSTICE.—We extract the following statement from the opinion of the Court of Civil Appeals:

"Enoch Sherman, for himself and as next friend of George, his minor son, brought this suit against the railway company for damages for personal injuries alleged to have been sustained by the minor through the negligence of the company.

"The company answered by general denial and pleas of assumed risk and contributory negligence.

"A trial by jury resulted in a verdict and judgment in favor of plaintiff for himself and as next friend of the minor. The company has appealed."

The following facts appear beyond dispute: "Enoch Sherman was in the employ of the defendant as a helper in its machine shops. Thereafter, George Sherman, his son, was also employed in the same capacity. The father received $1.60 per day, and the son $1.50 per day. The general duties of a helper were to fetch and carry for those operating the various machines in the shops, and to render prompt assistance whenever called on. The duties in which the minor was engaged up to the time of the accident were the handling and carrying of brasses and castings, of such weight as to be easily handled by one person.

"The minor was seventeen years and four months of age at the date of the accident, was strong, healthy and bright, and weighed between 150 and 160 pounds. He had been at work in the shops about three months and during that time had been called on two or three times to aid in placing heavy pieces of iron on machines, called turning lathes, but had always been assisted by others. On the occasion in question an operative of one of the lathes called on the foreman to send him a helper to aid in placing a piece of iron upon his lathe. The foreman directed the minor to assist and he went at once to the lathe. The piece of iron was lying several feet from the machine, and before undertaking to lift it onto the table of the machine, the minor put a small piece of timber under its center, and by taking hold first of one end then the other brought it close to the side of the machine. The table of the machine on which the iron was to be placed was twenty-eight inches high. When the iron had been thus brought close to the table, the minor was directed by the operator to lift one end of the iron and place it on the table. This the minor did without injury to himself. The operator then placed an iron pin in the edge of the table so as to hold the end of the iron so it would not slip or fall off. He then told the minor to lift the other end on the table. This the minor did but claims that it was too heavy for him, and that in lifting it he injured himself internally. According to the testimony adduced by plaintiff the consequences to the minor were serious. The railroad company knew that George Sherman was a minor.

"The minor says that when he lifted the iron to about the height of his knees he felt something give away inside of him. That when he felt this he stopped for a moment and then finished the lift and placed the iron on the table. He walked out of the shop at once and has done no more work.

"The operator of the machine did not assist the minor in lifting either end of the iron.

"It was shown that for the placing of heavy irons on the lathe they had what was called a stirrup, which was described as a hook placed in the side of the machine about halfway between the floor and the top of the table. The heavy piece of iron would be raised at one end and rested in this hook and slid in one direction or another until its center rested

in the hook, when the iron would be lifted by hand, first one end and then the other, and placed upon the table."

We do not concur in the conclusion of the Honorable Court of Civil Appeals that the boy, George Sherman, and McCarthy, the man at the lathe, were fellow-servants. The foreman of the shop testified of the duties of helpers as follows: "If they are called upon they must do that thing they are called upon to do immediately; that is understood with all helpers, and if they don't do it they are discharged; if he don't do what he is told to do he is fired right there." In sending the boy, George, to the man at the lathe, the foreman put the minor under the "direction, control and command" of McCarthy; hence they were not fellow-servants under the provisions of articles 4560f and 4560g, of the Revised Statutes. The railroad company is liable to the same extent as it would be if the foreman had been present and had given the orders and direction which McCarthy gave to the boy. Wall v. Texas & P. Ry. Co., 2 Texas U. Cases, 434; Mann v. Oriental Print Works, 11 R. I., 152; Chicago, etc., Ry. Co. v. Bayfield, 37 Mich., 205; Fransden v. Chicago, R. I. & P. Ry. Co., 36 Iowa, 372.

It can not be said, as a matter of law, that the minor, George Sherman, could, by inspection of the piece of iron, tell whether it was too heavy for him to lift and that he was capable of understanding the danger attending the lifting of the iron. Indeed, the only way that he could decide the question was to do as he did—obey the command of his superior and make the attempt. But in that experiment, when he learned that the iron was too heavy for him to lift, the injury had been inflicted.

The evidence of McCarthy, who was at the lathe, shows that in placing such irons upon the lathe the usual and proper manner was to use a stirrup to be affixed to the lathe upon which to rest the iron, from which it would then be raised to the top of the lathe. The fact that the railroad company had provided the stirrup and inaugurated that method of handling iron when too heavy for one man to lift, is strongly suggestive that the stirrup was a valuable aid in the performance of that duty, and we think that it does not conclusively appear that the stirrup would not have protected George Sherman if it had been used.

This case is distinguishable from Haywood v. Railroad Company, 12 Texas Ct. Rep., 295, in this: that Haywood was an experienced adult and actually knew of the danger of undertaking to carry the log as he was directed by the foreman. In this case, an experienced man in charge of the work, representing the master, instructed a minor, seventeen years old, who had no knowledge of such work, to lift a piece of iron which was, in fact, of too great weight for the boy's strength. Under the testimony, this boy was put to his election, to obey the direction of McCarthy and lift the iron, or be discharged "right there." The law does not require the servant, in doubtful matters, at his peril, to disobey orders of the master. Of this Judge Cooley said: "It is true the master had no right to direct him to do anything not contemplated in the employment, but when one thus contracts to submit himself to the orders of another, there must be some presumption that the orders he receives are lawful; the giving of the orders being of itself an assumption that they are lawful; and the servant who refused to obey would

take upon himself the burden of showing a lawful reason for the refusal. This of itself is sufficient reason for excusing the servant who declines the responsibility in any case in which doubts can possibly exist; he should assume that the order is given in good faith and in the belief that it is rightful; and if in his own judgment it is unwarranted, it is not for the master to insist that the servant was in the wrong in not refusing obedience" (Chicago & N. W. Ry. Co. v. Bayfield, 37 Mich., 210).

The Court of Civil Appeals erred in rendering judgment for the railroad company; therefore, it is ordered that the judgment of the Court of Civil Appeals, in favor of the railroad company, be reversed, and that the cause be remanded to the District Court for trial.

*Reversed and remanded.*