## GREAT NORTHERN RAILWAY CO. ET AL. *v.* LEONIDAS.

No. 8.   Argued October 11, 1938.—Decided November 7, 1938.

*Mr. William L. Clift,* with whom *Mr. T. B. Weir* was on the brief, for petitioners.

*Mr. Hugh R. Adair,* with whom *Mr. Lester H. Loble* was on the brief, for respondent.

PER CURIAM.

This action was brought by George Leonidas, an employee of the Great Northern Railway Company, against that Company and George Pappas, another of its employees, to recover damages for personal injuries alleged to have been caused by defendants' negligence. The complaint set forth two causes of action but at the trial plaintiff elected to stand upon the second cause of action, which was based upon the Federal Employers' Liability Act. 45 U. S. C. 51–59. Defendants' motion for the direction of a verdict in their favor was denied and the jury found for the plaintiff. The Supreme Court of the State affirmed the judgment. 105 Mont. 302; 72 P. 2d 1007.

After ruling that upon the evidence the question of plaintiff's assumption of risk was one for the jury, the court stated as a further ground for affirming the judgment that the defense of assumption of risk was not available under the federal statute. The court pointed to the provision (§ 54) that an employee of the common carrier shall not be held to have assumed the risks of his employment "in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." The court ruled that the Federal Employers' Liability Act was one intended to promote the safety of employees and hence that the defense of assumption of risk was barred.

This ruling was error. The provision of § 54 relates to such statutes as the Safety Appliance Acts (March 2, 1893, c. 196, 27 Stat. 531; March 2, 1903, c. 976, 32 Stat. 943; April 14, 1910, c. 160, 36 Stat. 298; February 17, 1911, c. 103, 36 Stat. 913); the Hours of Service Act (March 4, 1907, c. 2939, 34 Stat. 1415); and other statutes subjecting carriers in interstate commerce to particular obligations for the safety of their employees. *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 503; *Jacobs* v.

*Southern Railway Co.*, 241 U. S. 229, 235, 236. Where such violations are not involved, the defense of assumption of risk is available in actions under the Federal Employers' Liability Act. *Seaboard Air Line Ry.* v. *Horton, supra; Jacobs* v. *Southern Railway Co., supra; Atchison, T. & S. F. Ry. Co.* v. *Swearingen,* 239 U. S. 339, 344; *Baugham* v. *New York, P. & N. R. Co.,* 241 U. S. 237, 241; *Chicago, R. I. & P. Ry. Co.* v. *Ward,* 252 U. S. 18, 21.

Despite this erroneous ruling, we are of the opinion that the judgment should be affirmed upon the first ground taken by the state court, that is, that the question of assumption of risk was for the jury. It is not contended that the instructions of the trial court upon that defense were erroneous. The contention is that there was no evidence to go to the jury. We think that there was.

The judgment is affirmed with respect to the petitioner Great Northern Railway Company. As to the petitioner George Pappas, the writ of certiorari is dismissed upon the ground that the federal question as to the right of recovery under the Act against him individually, as distinguished from the Railway Company, was not properly presented.

*Affirmed in part; dismissed in part.*

Mr. Justice Black is of the opinion that the writ of certiorari should be dismissed as to both petitioners.