J. Irwin Shapiro, J.
Although this case was tried on February 27, 1958, the testimony and the memoranda of the respective parties were only submitted to me this day.
*869 The action is one under the Federal Employers’ Liability Act (hereinafter sometimes referred to as FELA), and the plaintiff has had a verdict by the jury in the sum of $2,000.
At the end of the entire case and again upon the rendition of the jury verdict, the defendant moved to dismiss the plaintiff’s complaint, as well as for a directed verdict in its favor. Decision was reserved on all motions.
At the end of the plaintiff’s case, the court, reserving decision on the motion then made to dismiss, said:
“ Upon the theory that at the end of the plaintiff’s case, the plaintiff is entitled to the most liberal interpretation that the proof is possibly capable of, I will reserve decision on the motion.
‘ ‘ I am convinced that you have failed to prove a ease but purely because of that rule of law and so that you may not be done an injustice by a dismissal and having to take an appeal and having the appellate court possibly say I am wrong and then having the case come on again for a new trial, I will reserve decision and send the case to the jury so that if you receive a verdict and I am still of the same opinion, and the verdict is set aside, at least upon appeal the verdict may be reinstated if I am wrong.”
The question now, however, is not whether the proof was sufficient at the end of the plaintiff’s case, but whether, after both sides had rested, and upon all of the testimony in the cáse, there was sufficient proof of negligence to warrant the submission of the case to the jury. (Painton v. Northern Cent. Ry. Co., 83 N. Y. 7; Hopkins v. Clark, 158 N. Y. 299; Reshofsky v. Weisz, 53 Misc. 602.)
In Leonidas v. Great Northern Ry. Co. (105 Mont. 302, affd. 305 U. S. 1) the court held that negligence could be predicated upon the failure of the defendants to furnish sufficient help if but for that failure the injury would not have occurred.
That failure or refusal upon the part of a defendant to provide a sufficient number of workmen to assist one of its employees, if such additional help is necessarily required by the kind of work to be done, constitutes negligence under FELA is now so well settled as not to require extended discussion. (Sorenson v. Northern Pacific Ry. Co., 53 Mont. 268, 279; Illinois Cent. R. R. Co. v. Langan, 116 Ky. 318, 329; Standard Sanitary Mfg. Co. v. Minor, 33 Ky. Law Rep. 982; Louisville & N. R. R. Co. v. Mahan, 113 S. W. 886 [Ky]; Boyd v. Great Northern Ry. Co., 84 Mont. 84; Verlinda v. Stone & Webster Eng. Corp., 44 Mont. 223; Hardesty v. Largey Lumber Co., 34 Mont. 151; Cincinnati, N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 144; Sherman v. Texas & New Orleans R. R. Co., 99 Tex. 571.)
*870 One of the plaintiff’s specifications of negligence in this case was that he was required to do steam braking work by himself, whereas two men should have been provided to do that kind of work, one on each side of the train, and that the absence of a coworker to help him was the cause of or at least a contributing factor to the injury which he sustained. There is substance for this contention in the record. The plaintiff himself was an air brake man, not a steam man, although he was working on steam brakes at the time and had been so assigned for at least a year before that. '
The defendant’s witness Cersosim, the gang foreman in defendant’s maintenance department, in substance, stated that a steam man would ordinarily be part of the assigned gang in the month.of January; that the normal force would consist of both an air man 1 ‘ and a steam man, if there was one available ’ ’; that it was usual to have a car repair man help a steam heat man in January “ during the winter it’s necessary, if possible ”; that ordinarily there are two men on the steam brakes, one on each side, because “they help one another”.
The court in a charge, to which no exception was taken by the defendant, submitted as one possible item of negligence, the defendant “ not having a sufficient number of people in the gang to aid in the coupling* of these steam hoses; that is an act which the plaintiff claims was negligence. He contends and asks you to draw the inference that by reason of the fact that the plaintiff had to couple steam hoses himself, he may have over-exerted himself and thereby sustained an aggravation of the condition which everybody agrees now he was suffering from before.”
Thus, the record makes it clear that the jury could have founded its verdict in favor of the plaintiff in this case upon the failure of the defendant to supply a helper on the steam brakes in the month of January when it had knowledge that at that time of year the coupling and uncoupling of steam brakes by one man might very Avell put an undue strain upon him.
A finding of negligence upon that portion of the charge being-warranted by the proof, the court is constrained to deny the motions to set aside the verdict, for a dismissal of the complaint and for a directed verdict, with an exception to the defendant.
In analyzing- the testimony and coming to the conclusion that the jury was warranted in finding in favor of the plaintiff, the court has taken into consideration the opinion of the United States Supreme Court written for the majority by Mr. Justice Bkennah On February 3, 1958 in Kernan v. American Dredging Co. (355 U. S. 426, 438-439) in which it was stated that “ the theory of the FELA is that where the employer’s conduct *871 falls short of the high standard required of him by this Act, and his fault, in whole or in part, causes injury, liability ensues. And this result follows whether the fault is a violation of a statutory duty or the more general duty of acting with care, for the employer owes the employe, as much as the duty of acting with care, the duty of complying* with his statutory obligations. ’ ’
Applying that standard of care to the conduct of the employer — the defendant in this case — one cannot say that the finding* of the jury was contrary to and not in accord with the evidence.
The defendant is given a 10-day stay of execution and 30 days to make a case.