W. SHARP, Judge.
Thomas Forcino appeals from an order granting a motion for summary judgment filed by the National Railroad Passenger Corporation (Amtrak) in a personal injury action.[1] Forcino, an Amtrak employee, was injured while attempting to répair a track following a train derailment at one of Amtrak’s railroad yards. We conclude that the evidence is sufficient to allow a jury to decide whether Amtrak’s negligence played any part in producing Forcino’s injury and remand the cause for further proceedings.
On January 12, 1993, a derailment occurred at Amtrak’s railroad yard in Sanford, Florida. Forcino has been a track man for Amtrak since 1977 and was working his regular shift that day from 7:00 a.m. to 3:30 p.m. Around 12:30 p.m. he was taken off of his regular job and told to repair the track that had been damaged by the derailment. For- *889 cino was told by his foreman that he should rush to finish the job and worked from 12:30 p.m. without a break until he was injured at around 4:00 p.m. Forcino would ordinarily get a fifteen minute break in the afternoon. The work was heavy and required Forcino to use a pry bar, which weighs about twenty-five pounds, to pry railroad spikes out of the cross ties. To do this, Forcino had to slip one end of the pry bar up under the head of the railroad spike. Because of the damage to the tracks, the spikes were bent and he had to repeatedly strike the bent spike with the pry bar before he could get the pry bar up under the spike. Forcino and his crew had about eighty feet of track to repair, which consists of forty ties with anywhere from two to five spikes per tie. His crew was short-handed that day because one member was not there. Forcino believed that the strain and fatigue of the heavy work caused him to miss the head of the spike and jerk his neck.
Forcino filed this negligence action against Amtrak under the Federal Employer’s Liability Act (FELA), 45 U.S.C. 51, et seq. Congress enacted FELA to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees. Atchison, Topeka and Santa Fe Railway Co. v. Buell, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). Section 51 provides in part as follows:
Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tract, roadbed, works, boats, wharves, or other equipment, (emphasis added)
FELA is a broad remedial statute and is to be liberally construed in order to accomplish Congress’ objectives. Consolidated Rail Corporation v. Gottshall, — U.S. -, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Atchison, Topeka and Santa Fe Railway Co.
The federal and state courts have concurrent jurisdiction to hear FELA cases. 45 U.S.C. § 56. When actions under FELA are tried in the state courts, they are subject to state procedural rules but the substantive law governing them is federal. St. Louis Southwestern Railway Co. v. Dickerson, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985); Atlantic Coast Line Railroad Co. v. Barrett, 101 So.2d 37 (Fla.1958); Green v. CSX Transportation, Inc., 626 So.2d 974 (Fla. 1st DCA 1993); Henderson v. CSX Transportation, Inc., 617 So.2d 770 (Fla. 1st DCA 1993). Federal decisions govern the question of the sufficiency of the evidence, the type of proof necessary for judgment and the burden of proof. Atlantic Coast Line Railroad Co. v. Barrett.
The standard for determining whether a jury question is created in a FELA case was set out in Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). There the United States Supreme Court stated:
Under this statute the test of a jury ease is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee’s contributory negligence. Judicial appraisal of the proofs to' determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death, (emphasis added) Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due ‘in whole or in part’ to its negligence, (emphasis in original)
*890 The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer’s negligence.
⅜ ⅜ ⅜ ⅜ ⅜
The decisions of this Court teach that the Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee’s injury, (footnotes omitted)
352 U.S. at 506-510, 77 S.Ct. at 448-451.
Cases decided under FELA establish that Forcino’s allegations of negligence on Amtrak’s part are sufficient to go to a jury. For example, in Panichella v. Pennsylvania Railroad Co., 167 F.Supp. 345 (W.D.Pa.1958), reversed on other grounds, 268 F.2d 72 (3d Cir.1959),[2] the railroad worker, Panichella, slipped and fell on an icy or snow-covered sidewalk on the property of Warner Brothers Pictures. Panichella filed suit against the railroad under FELA, arguing that the railroad’s negligence in requiring and permitting him to walk along a dangerous route while in a fatigued condition after a snow storm was negligence.[3] At trial, Panichella introduced evidence to establish that his physical condition was such as would permit a jury to infer that he was overtired from his continuous labors and that the railroad was negligent in knowingly instructing and permitting him to enter an area which might prove hazardous because of the weather conditions and his own lack of alertness dulled by overwork. The jury returned a verdict in his favor. On appeal, the railroad argued that the evidence was insufficient to support a finding that Panichella’s accident was caused in whole or in part by its negligence. The court rejected this argument, concluding that the evidence was sufficient to support a finding that Pani-chella’s accident was caused by the railroad’s negligence in requiring Panichella to walk along a dangerous route when he was in a fatigued physical condition. The court also rejected the railroad’s argument that Warner Brothers alone should be held liable for this accident:
It ignores the underlying precept of statutory liability under the Federal Employers’ Liability Act predicated upon Railroad’s duty to provide plaintiff a safe place in which to work. To expose an employee in a fatigued and exhausted condition to unreasonable peril is negligence whether on Railroad’s property or not, so long as the employee’s presence upon the premises when he receives his injuries must have been a necessary incident to the discharge of his duties of his employment, (emphasis added)
167 F.Supp. at 351.
In Hayes v. New York Central Railroad Co., 311 F.2d 198 (2d Cir.1962), Hayes filed suit against the railroad under FELA to recover for injuries when his feet became frostbitten while shoveling snow for the railroad. Hayes, a temporary worker, was hired for the purpose of clearing snow from switches in railroad yards. Hayes was only wearing a pair of low shoes and asked permission to go and buy a pair of boots. The hiring employee told him that he was all right and that he had to go to work because they were short of men. Hayes started shoveling snow at 1:00 p.m. and worked twenty-seven hours with only four breaks. Hayes later learned that his feet had become frostbitten during this time. The jury returned a verdict in Hayes’ favor.
On appeal, the railroad argued that there was no proof of negligence on its part which was the proximate cause of Hayes’ injuries and even if there were, the proof of Hayes’ contributory negligence was so overwhelming as to render the verdict excessive. The court disagreed and affirmed, noting that the test for sufficiency of the evidence warranting submission to the jury is simply whether the proofs justify the conclusion that the employ *891 er’s negligence played any part, even the slightest, in producing the injury. In that ease, the evidence was such that it was reasonable for the jury to believe that Hayes was assured by the railroad’s hiring agent that he could safely do his day’s work without further protection for his feet. In addition, he was effectively prevented from securing boots at the time of his hiring by the admonition that work had to start immediately because the railroad was short-handed. While it was true that Hayes could have discontinued his work at any time and therefore was no doubt substantially to blame for his injury, it was also reasonable for the jury to conclude that Hayes was justified in relying upon the railroad’s assurances and that this reliance contributed in some measure to his injuries.
In Leonidas v. Great Northern Railway Co., 105 Mont. 302, 72 P.2d 1007 (1937), aff'd in part and cert. dismissed, 305 U.S. 1, 59 S.Ct. 51, 83 L.Ed. 3 (1938) (affirming on ground that evidence was sufficient to go to jury), railroad worker Leonidas was injured when he turned his ankle carrying a heavy railroad tie. Leonidas claimed that he was ordered to carry the heavy, water-logged tie, weighing about 150 pounds, by himself but that reasonable safety required the services of at least two strong men to carry the tie. Leonidas filed suit against the railroad for his injuries and the jury returned a verdict in his favor. On appeal, the railroad contended that the evidence was insufficient to show negligence on its part or that its negligence was not the proximate cause of Leonidas’ injuries. The supreme court of Montana rejected this argument:
It is fundamental that if the employer fails to use reasonable care to provide a sufficient number of workmen to conduct the work at hand with reasonable safety, he is guilty of negligence.
72 P.2d at 1013.
In Lis v. Pennsylvania Railroad Co., 12 Misc.2d 868, 173 N.Y.S.2d 132 (City Ct.1958), railroad worker Lis filed suit against the railroad for injuries sustained when he was required to do steam braking by himself when two men should have been provided to do that kind of work. Lis argued that the absence of a co-workers to help him was the cause of or at least a contributing factor to the injury which he sustained. The jury agreed. On appeal, the railroad argued that the proof of negligence on its part was insufficient. The court rejected this argument stating:
That failure or refusal upon the part of a defendant to provide a sufficient number of workmen to assist one of its employees, if such additional help is necessarily required by the kind of work to be done, constitutes negligence under FELA is now so well settled as not to require extended discussion.
173 N.Y.S.2d at 133. The court found that the evidence was sufficient for the jury to conclude that the railroad was negligent in failing to supply a helper on the steam brakes in the month of January when it had knowledge that at that time of the year, the coupling and uncoupling of steam brakes by one man might very well put an undue strain upon him.
In Mississippi Export Railroad Co. v. Dubose, 221 So.2d 713 (Miss.1969), the jury awarded Dubose damages for a back injury he sustained when he and members of his crew were lifting a “switching frog” weighing about 1,575 pounds onto a railroad push car. During the loading operation, Dubose reminded his foreman of an earlier injury to his back. His protest was rejected and Dubose and his fellow workers were told “[w]e have to get it loaded. Let’s load it.” On appeal, the railroad argued that evidence of its negligence was insufficient. The court rejected this argument, noting that the testimony as to how many men should be assigned or were necessary to load the frog safely varied from four to twelve men. This was sufficient to support a jury finding that the railroad had negligently failed in its duty to provide Du-bose with an adequate number of fellow crewmen to load the frog safely by the method used and that this negligence was a proximate cause of his injuries.
In Nelson v. Seaboard Coast Line Railroad Co., 398 So.2d 980 (Fla. 1st DCA 1981), rev. denied, 411 So.2d 383 (Fla.1981), the widow of a railroad worker filed suit against the railroad for damages after her husband *892 committed suicide. The trial court refused to admit into evidence a suicide note left by the deceased railroad employee and granted the railroad’s motion for a directed verdict. On appeal, the court held that the trial judge erred in refusing to admit the suicide note into evidence and in directing a verdict. The court agreed that the railroad would not be liable for the death of an employee who rationally decided to kill himself. However, the railroad could be held liable if its negligence caused a mental illness which resulted in an uncontrollable impulse to commit suicide. The court then remanded the case for a new trial, noting that a jury could conceivably find that the railroad’s negligence in hiring and training its supervisory personnel caused the stress which resulted in the decedent’s uncontrollable impulse to kill himself.
These cases establish that the failure to provide sufficient workers or the requirement that workers perform a job when they are fatigued is sufficient to constitute negligence on the part of the railroad under FELA. As the United States Supreme Court has held, a “relaxed standard of causation” applies under FELA. Consolidated Rail Corporation v. Gottshall, — U.S. -, -, 114 S.Ct. 2396, 2403, 129 L.Ed.2d 427 (1994). Under FELA, the test of a jury ease is simply whether the proofs justify the conclusion that the railroad’s negligence played “any part, even the slightest, in producing the injury.” Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). As the Florida Supreme Court has noted, the amount of negligence of the employer required as a basis for recovery under FELA has been reduced “almost to the vanishing point” by decisions of the United States Supreme Court. Atlantic Coast Line Railroad Co. v. Barrett, 101 So.2d 37 (Fla.1958).
Here, Amtrak’s derailment caused the damage to the track which Forcino was ordered to repair. See Jesionowski v. Boston & M.R.R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416 (1947) (derailments are extraordinary and not usual happenings so that when they occur, a jury may fairly find that the occurred as the result of negligence). Amtrak’s requirement that Forcino rush to finish the job without a break past his normal shift time at a time when the crew was shorthanded could have caused strain and fatigue which contributed to his injury. Since Amtrak failed to conclusively establish the absence that its actions played no part “even the slightest” in producing Forcino’s injury, its motion for summary judgment should not have been granted.
REVERSED and REMANDED.
HARRIS and ANTOON, JJ., concur.

. Technically this is a premature appeal and the parties have not yet supplemented the record with a final summary judgment. See Fla. R.App.P. 9.110(m). Since we have determined that the cause needs to be remanded for further proceedings, we have dispensed with the requirement of obtaining a final judgment in the interest of judicial economy.

. The court of appeals held that a general release executed by Panicella in favor of Warner Brothers was effective to bar his claim against the railroad.

. Panichella had been sent to a restaurant to get meals for himself and his foreman and fell in route to the restaurant.