Weatherbee v. SSA                    CV-03-076-M    01/07/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Elaine C. Weatherbee,
     Claimant

     v.                                    Civil No. 03-76-M
                                           Opinion No. 2004 DNH 003
Jo Ann B. Barnhart, Commissioner,
Social Security Administration,
     Respondent


**O R D E R**


     Pursuant to 42 U.S.C. § 405(g), claimant, Elaine Weatherbee, moves to reverse the Commissioner's decision denying her applications for Social Security Disability Insurance Benefits and Supplemental Security Income Payments under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 423, 1382 (the "Act").  Respondent objects and moves for an order affirming her decision.


     For the reasons set forth below, the matter is remanded to the Administrative Law Judge ("ALJ") for further proceedings consistent with this opinion.

**Factual Background**

I.    Procedural History.

In November of 1999, claimant filed applications for disability insurance benefits and supplemental security income payments, alleging that on September 1, 1997, she became disabled due to depression, anxiety, and Post Traumatic Stress Disorder ("PTSD"). The Social Security Administration denied her application initially and on reconsideration.

On November 2, 2001, claimant, appearing pro se, and a vocational expert appeared before an ALJ who considered her claims de novo. The ALJ issued his order on March 28, 2002, concluding that claimant was subject to some non-exertional limitations and incapable of returning to her past relevant work. Nevertheless, the ALJ concluded that claimant was able to perform work that exists in significant numbers in the national economy and was not, therefore, disabled. The Appeals Council denied claimant's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

In response, claimant filed this timely action, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that she is disabled within the meaning of the Act. She then filed a "Motion for Order Reversing the Decision of the Commissioner" (document no. 6). The Commissioner objected and filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 7). Those motions are pending.

II.   Stipulated Facts.

Pursuant to Local Rule 9.1(d), the parties have submitted a comprehensive statement of stipulated facts which, because it is part of the court's record (document no. 8), need not be recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.   Properly Supported Factual Findings by the ALJ are Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

3

Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).[1] Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position. See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."). See also Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (The court "must consider both evidence that supports and evidence that detracts from the [Commissioner's] decision, but [the court] may not reverse merely because substantial evidence exists for the opposite decision.");

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

4

<u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (The court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. See <u>Burgos Lopez v. Secretary of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984) (citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)). It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts." <u>Irlanda Ortiz</u>, 955 F.2d at 769. Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings. See <u>Frustaglia v. Secretary of Health & Human Services</u>, 829 F.2d 192, 195 (1st Cir. 1987) (citing <u>Da Rosa v. Secretary of Health & Human Services</u>, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 416(i)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment.  See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, the claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective assertions of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  Provided the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

When determining whether a claimant is disabled, the ALJ is required to make the following five inquiries:

7

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals a listed impairment;
>
> (4) whether the impairment prevents the claimant from performing past relevant work; and
>
> (5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. See also 20 C.F.R. § 416.920. Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A). See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm the determination that claimant is not disabled.

8

**Discussion**

I.    <u>Background - The ALJ's Findings</u>.

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920. Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since September 1, 1997 (her alleged onset of disability). Next, the ALJ concluded that the medical evidence of record indicates that, from September 1, 1997, through January 16, 2001, the claimant suffered from alcohol abuse and alcohol-related mood disorder. From January 16, 2001, however, the ALJ concluded that claimant had remained sober and her alcohol-related mood disorder was no longer a severe impairment (though he did recognize that claimant continued to suffer bouts of depression and anxiety).

In reaching his decision, the ALJ considered, but rejected, various material contained in claimant's medical records.

> I accord no probative weight to the diagnosis of bipolar disorder made by Kristen Lee, M.Ed. on November 21, 2000 (Exhibit 16F). Although Ms. Lee is a counselor with some training and experience in mental health issues, she is not a psychiatrist and therefore

9

not qualified to diagnose bipolar illness. Moreover, her diagnosis is refuted by Dr. Glick, a licensed psychiatrist, who followed the claimant closely throughout her treatment at Strafford. I also accord no weight to the November 15, 2001 note from Patricia Yauch, a nurse practitioner who states she performed a gynecological examination of the claimant in February of 2001 an is "aware of her psychiatric history" (Exhibit 17F). This document provides no assistance to this adjudicator in determining whether the claimant is disabled, nor does it constitute acceptable treating source opinion evidence under the applicable regulations.

Transcript at 20. Additionally, for reasons set forth in his written decision, the ALJ concluded that claimant's assertions of disability were not entirely credible. Transcript at 20-21.

Next, the ALJ assessed claimant's residual functional capacity ("RFC") from January 16, 2001, forward, concluding that she retains the ability to sit for prolonged periods of time; stand and walk for up to six hours at a time; and lift and carry up to fifty pounds frequently and as much as 100 pounds occasionally. The ALJ noted, however, that due to her psychological impairments, claimant must avoid stressful work environments and is limited to entry-level jobs that require no more than simple, routine, repetitive tasks.

10

In light of those conclusions, the ALJ determined that, claimant could not return to her past relevant work. Nevertheless, based at least in part upon the testimony of a vocational expert, he found that claimant retained the capacity to perform work that is available in substantial numbers in the national economy. Accordingly, the ALJ concluded that claimant was not disabled, as that term is used in the Act, at any time through the date of his decision.

II. Claimant's Assertions of Error.

In her motion seeking an order reversing the decision of the Commissioner, claimant says the ALJ erred by "failing to appraise the [claimant] of her right to representation in light of [her] significant mental illness." Claimant's memorandum at 4. Additionally, claimant asserts that the ALJ erred by presenting the vocational expert with a hypothetical question that failed to accurately reflect all of her non-exertional limitations, specifically those imposed by her (alleged) bipolar affective disorder.

Because the court agrees that the ALJ did not adequately address the record evidence relating to claimant's bipolar affective disorder, it need not address claimant's assertion that the ALJ erred by failing to ensure that she was represented by counsel at the hearing.

III. Claimant's Bi-Polar Disorder.

Claimant has a history of alcohol abuse, punctuated by several admissions to in-patient alcohol detoxification programs, various out-patient programs (including Alcoholics Anonymous), and at least three hospital admissions for treatment related to her alcoholism and suicidal ideation - none of which led to claimant's becoming (and remaining) sober. Most recently, in December of 2000, claimant was admitted to Portsmouth Regional Hospital and Pavilion ("PRH"), for substance abuse. She was discharged approximately four weeks later, on January 16, 2001. She was followed by staff and physicians at PRH through July of 2001 and it appears that she has remained sober (at least through the date of the ALJ's hearing - November 2, 2001).

There is little doubt that claimant is physically capable of performing work that exists in substantial numbers in the national economy, as evidenced by her activities of daily living, the fact that she performs volunteer work in her community each week, and that she is receiving vocational training on the use of computers for two hours each week. The question presented is whether the ALJ's conclusion that her emotional impairments do not preclude her from actively participating in the workforce is supported by substantial evidence. Claimant asserts that it is not.

The evidence in the record with regard to claimant's bipolar affective disorder is, to be sure, conflicting. And, in reaching the conclusion that claimant does not suffer from that disorder, the ALJ explained why he discounted the opinions of various doctors and counselors who shared the view that claimant did, in fact, suffer from bipolar affective disorder. <u>See generally</u> transcript at 20-21.

Importantly, however, the ALJ's decision does not address the January 16, 2001, "Discharge Summary," completed by Malcolm

13

Beaudett, M.D.  Transcript at 349-51.  In it, Dr. Beaudett lists claimant's "discharge diagnosis" as: "Axis I: Bipolar affective disorder, depressed type, post-traumatic stress disorder, alcohol dependance."  Id. at 350.  Nor does the ALJ's opinion discuss Dr. James Kates' similar opinion: "Axis I: Bipolar disorder, unspecified; rule out bipolar disorder, depressed typed."  Id. at 354.

Additionally, the ALJ's decision does not address the opinion of claimant's licensed mental health counselor, Paul Spack, M.Ed., who, at the time the ALJ issued his opinion, had treated claimant for more than 14 months.  In February of 2002, approximately one month before the ALJ issued his opinion, Mr. Spack opined that claimant's "primary diagnosis is 296.33, Bi-Polar illness," adding that "[i]n my clinical opinion, [claimant's] alcoholism is a direct result of her self-medicating to cope with her Bi-Polar illness.  Clinically it is secondary to her mental illness."  Id. at 361.

In addition to being consistent with the opinions cited above (as well as those of various other treatment providers

14

referenced in the ALJ's opinion), Mr. Spack's opinion that claimant's alcoholism is secondary to her bipolar affective disorder is consistent with claimant's prolonged struggle with alcohol addiction, homelessness, and depressive disorder. Moreover, while Mr. Spack's opinion is not entitled to controlling weight under the regulations, he has had the benefit of working with and observing claimant for over a year, thereby giving him a valuable perspective on her illnesses and her ability to function in the working world. See generally 20 C.F.R. §§ 404.1513 and 404.1527.

Finally, it probably bears noting that the "Psychiatric Review Technique" form completed by Carol McKenna, PhD., is dated October 6, 2000. And, while Dr. McKenna concluded that claimant suffered from affective disorder(s) (listing number 12.04), anxiety-related disorder(s) (listing number 12.06), personality disorder(s) (listing number 12.08), all of which were secondary to her substance addition disorder(s) (listing number 12.09), Dr. McKenna's conclusions were based upon her evaluation of claimant from September 1, 1997, through October 6, 2000 - that is, during the period that the ALJ found claimant was totally disabled by

15

reason of her alcoholism and related emotional problems. There is, however, no "Psychiatric Review Technique" form in the record that relates to the period currently at issue - following claimant's January 16, 2001, discharge from PRH.

IV.  Remand is Appropriate.

In light of the substantial conflicting evidence in the record concerning claimant's bipolar affective disorder (some of which is not addressed in the ALJ's decision), and because claimant was not represented at the hearing (though she is currently represented by counsel), the most prudent course is to remand this matter to the ALJ, so that he might more fully consider the medical evidence of record, and, if he deems appropriate, obtain additional psychological testing of claimant to determine, more definitively, whether she currently suffers from bipolar affective disorder. See generally 20 C.F.R. § 404.1519a(b). As the Court of Appeals has observed:

> In most instances, where appellant [herself] fails to establish a sufficient claim of disability, the [Commissioner] need proceed no further. Due to the non-adversarial nature of disability determination proceedings, however, the [Commissioner] has recognized that she has certain responsibilities with regard to the development of the evidence and we believe this

16

> responsibility increases in cases where the appellant
> is unrepresented, where the claim itself seems on its
> face to be substantial, where there are gaps in the
> evidence necessary to a reasoned evaluation of the
> claim, and where it is within the power of the
> administrative law judge, without undue effort, to see
> that the gaps are somewhat filled as by ordering easily
> obtained further or more complete reports or requesting
> further assistance from [those familiar with the
> appellants' condition].

Currier v. Secretary of Health, Education & Welfare, 612 F.2d

594, 598 (1st Cir. 1980) (citations omitted). See also Heggarty

v. Sullivan, 947 F.2d 990, 997-98 (1st Cir. 1991).


**Conclusion**

The circumstances of this case warrant remand to the ALJ for

further consideration of the medical (and non-medical) evidence

of claimant's bipolar affective disorder. First, claimant was

unrepresented at the hearing. Second, the record evidence of

claimant's bipolar affective disorder is, at the least, ambiguous

- in 2001, two physicians diagnosed claimant as bipolar and, more

recently, her state licensed counselor expressed the same

opinion. Consequently, more current psychiatric or psychological

testing and/or the opinion(s) of acceptable medical sources would

likely be of substantial assistance to the ALJ. Third, such

17

evidence would not be cumulative or irrelevant and is essential to a fair hearing. See generally Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 139 (1st Cir. 1987). As this court (Barbadoro, C.J.) has observed, "[w]hen a court finds that the administrative record is incomplete, a court should vacate the Commissioner's decision and remand the matter for further proceedings consistent with the reasoning in its opinion." Barrett v. Barnhart, 2003 DNH 55, 2003 WL 1701288 (D.N.H. March 28, 2003) (remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g)).

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ so that he might more fully consider the medical evidence of record, and, if he deems appropriate, obtain additional psychological and/or psychiatric testing of claimant.

Claimant's motion to reverse the decision of the Commissioner (document no. 6) is granted to the extent it seeks remand of this matter to the ALJ. In all other respects, it is denied. The Commissioner's motion to for an order affirming her

18

decision (document no. 7) is denied.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 7, 2004

cc:  David L. Broderick, Esq.
     Jane M. Ferrini, Esq.